919 A.2d 931

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Chester SIMS, Appellee.**

Supreme Court of Pennsylvania.

Argued April 3, 2006.

Decided April 18, 2007.

508

Peter Carr, Esq., Arnold H. Gordon, Esq., Lynne M. Abraham, Esq., Ronald Eisenberg, Esq., Hugh J. Burns, Esq., Philadelphia, for Commonwealth of Pennsylvania.

Karl Baker, Esq., L. Roy Zipris, Philadelphia, for Chester Sims.

BEFORE: CAPPY, C.J., and CASTILLE, NEWMAN, SAYLOR, EAKIN, BAER and BALDWIN, JJ.

## *OPINION*

Justice CASTILLE.

This case presents the question of whether a defendant may be convicted of an attempt crime where he had only been charged with the substantive offense. Because we conclude that an attempt crime is necessarily a lesser-included offense of the substantive offense, we hold that a defendant may be convicted of an attempt crime even if the Commonwealth charged him with the substantive offense but not attempt. Accordingly, we reverse the order of the Superior Court and remand the matter to the Superior Court for consideration of appellee's sufficiency claim.

On July 24, 2003, Officer William Jones of the Philadelphia Police Department was working with a prisoner transportation van, transporting prisoners from the Prison Detention Unit to other detention facilities. Officer Jones and another officer picked up appellee and seven or eight other prisoners from the Prison Detention Unit and went to the Central Holding Center located at 421 North 21st Street in Philadelphia. All of the prisoners sat in the back of the van and wore handcuffs. Upon arrival at the Central Holding Center, Officer Jones put the van in park and brought another prisoner to the van. Because of the logistics of fitting the prisoners into the van, Officer Jones asked for a volunteer to abandon his seat in the back of the van and move to a seat that was closer to the front. Appellee offered to move, exited the van, and stood between Officer Jones and the door to the van to allow for the other prisoner to enter the van. Officer Jones reached behind appellee and put his hand on the van's door so that his arm was placed on the small of appellee's back. As the new prisoner got into the van, appellee tried to duck under the officer's arm. Officer Jones turned and forced appellee against a wall that was two or three feet away, grabbed him, and brought him back to the van. Appellee was subsequently charged with escape, in violation of 18 Pa.C.S. § 5121. N.T., 1/23/04, at 10–34.

On January 23, 2004, after waiving his right to a jury trial, appellee was tried before the Honorable Glynnis Hill of the Court of Common Pleas of Philadelphia County. Officer Jones was the only witness and he recounted the facts of the incident as set forth above. During closing argument, the prosecutor contended that appellee should be convicted of "at least attempted escape." *Id.* at 34. When the trial court indicated its initial inclination of agreement, counsel for appellee interjected, "But the attempt hasn't been charged." *Id.* The court then took a recess and, upon reconvening, indicated that it had found Superior Court authority for convicting appellee of attempted escape even though the charged crime was escape.[1] The court ultimately found appellee guilty of attempted escape and subsequently sentenced him to a term of imprisonment of 21 to 42 months, followed by one year of probation. N.T., 3/08/04, at 11.

Appellee appealed to the Superior Court raising two claims: (1) whether the evidence was sufficient to support his conviction; and (2) whether appellee could be convicted of criminal attempt to escape when he was only charged with escape.

In a published opinion authored by the Honorable Susan Peikes Gantman, a panel of the Superior Court unanimously reversed appellee's conviction and vacated his judgment of sentence. *Commonwealth v. Sims*, 883 A.2d 593 (Pa.Super.2005). Finding merit in appellee's second claim, the court held that the trial court erred in convicting appellee of criminal attempt when he had not been charged with that crime. *Id.* at 599. The court considered its prior decisions in *Commonwealth v. White*, 232 Pa.Super. 176, 335 A.2d 436 (1975), *Commonwealth v. Cunningham*, 248 Pa.Super. 219, 375 A.2d 66 (1977), and *Commonwealth v. Danko*, 281 Pa.Super. 97, 421 A.2d 1165 (1980), and noted that all three stood for the proposition "that a defendant can be found guilty of an

---

1. Before the Superior Court, the Commonwealth argued that appellee waived this issue by failing to raise an objection at this point. *See* Commonwealth's Superior Ct. Brief at 8. The Superior Court, however, did not address the Commonwealth's waiver argument. *See Commonwealth v. Sims*, 883 A.2d 593 (Pa.Super.2005). Because the Commonwealth does not assert the waiver argument here, we do not consider it.

attempted crime even though he or she did not complete the offense." *Sims*, 883 A.2d at 596. The court then considered *Commonwealth v. Tate*, 572 Pa. 411, 816 A.2d 1097 (2003), and found that this Court held in *Tate* that "where a criminal statute does not explicitly make an attempt sufficient to complete the crime, a conviction for the incomplete crime cannot stand if attempt has not been separately charged and proven." *Sims*, 883 A.2d at 597. Interpreting the holding of *Tate* in this way, the panel felt constrained to follow *Tate*, applied its understanding of the *Tate* holding to the facts of the case *sub judice*, and vacated appellee's judgment of sentence.

In doing so, the panel considered the text of 18 Pa.C.S. § 5121 and inexplicably found that the plain language of the escape statute does not encompass actions that would only constitute an attempted escape. Because appellee was unsuccessful in his attempt to evade official detention, the panel reasoned that he could not be convicted of the completed act. The panel also faulted the trial court for relying on *White*, *Cunningham*, and *Danko* instead of *Tate*.[2] Accordingly, the panel concluded that the trial court's conviction of appellee of attempted escape was improper where he was not separately charged with that crime. The panel did not address appellee's sufficiency of the evidence claim.

The Commonwealth petitioned this Court for allowance of appeal. We granted review on December 28, 2005. *Commonwealth v. Sims*, 586 Pa. 749, 892 A.2d 823 (2005).

Initially, the Commonwealth argues that long-standing precedent permits a conviction of a lesser offense that is fully included within the crime that was charged. *See* Appellant's Brief at 7–9 (citing *Commonwealth v. Garcia*, 474 Pa. 449, 378 A.2d 1199, 1202 (1977) (plurality); *Commonwealth v. Carter*, 482 Pa. 274, 393 A.2d 660, 661–62 (1978); *Commonwealth v. McLaren*, 441 Pa. 522, 271 A.2d 281, 284 (1970); *Commonwealth v. Soudani*, 398 Pa. 546, 159 A.2d 687, 688 n. 1 (1960) (*per curiam*); *Commonwealth v. Comber*, 374 Pa. 570, 97 A.2d

---

2. It does not appear that appellee argued the *Tate* case to the trial court.

343, 347 (1953); *Commonwealth v. Parker*, 146 Pa. 343, 23 A. 323, 323 (1892) (*per curiam*); *Hunter v. Commonwealth*, 79 Pa. 503, 506 (1875); *Dinkey v. Commonwealth*, 17 Pa. 126, 129 (1851)). It argues that the lesser-included offense doctrine was developed at common law and intended to aid the prosecution when the evidence presented at trial established only some of the elements of the charged crime. *See id.* at 7 (citing *Keeble v. United States*, 412 U.S. 205, 208 & n. 5, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973)). The Commonwealth contends that the doctrine also aids defendants because it offers the factfinder the option of convicting of a lesser offense than that specifically charged, *see id.* (citing *Commonwealth v. Karetny*, 583 Pa. 514, 880 A.2d 505, 521 n. 13 (2005)), which, of course, might allow for the possibility of a lesser sentence.[3]

3. Section 905(a) of the Crimes Code sets forth the grading of the inchoate crimes of attempt, solicitation, and conspiracy. Traditionally, these inchoate offenses were graded less seriously than the completed offense if that offense was murder or a felony of the first degree. Section 905(a), however, currently provides as follows:

(a) **Grading.**—Except as otherwise provided in this title, attempt, solicitation and conspiracy are crimes of the same grade and degree as the most serious offense which is attempted or solicited or is an object of the conspiracy.

18 Pa.C.S. § 905(a). In a 1995 amendment to the 1972 Crimes Code, the General Assembly deleted the former second sentence of Section 905(a). That sentence tracked the traditional rule that "[a]n attempt, solicitation, or conspiracy to commit murder or a felony of the first degree is a felony of the second degree." Although it notes the prior existence of this second sentence, Purdon's Historical and Statutory Notes to Section 905 inexplicably fail to provide the deleted language. Adding to the confusion, Purdon's retains the 1972 Official Comment, which refers to the deleted language. *See* 18 Pa.C.S. § 905 cmt. ("Under the new Code, the penalty for conspiracy, as for attempts and solicitation, is the same as the penalty for the most serious offense which is an object of the conspiracy except that an attempt, solicitation or conspiracy to commit murder or a felony of the first degree is a felony of the second degree.").

Thus, under the 1972 Crimes Code as it was originally conceived, a defendant convicted of attempt, solicitation, or conspiracy to commit any first-degree felony could not receive as great a sentence as if he had been convicted of the felony itself. The current Code retains this distinction only with respect to the offenses of murder and murder of an unborn child and not with respect to first-degree felonies generally. *See* 18 Pa.C.S. § 1102(c) (providing that a person convicted of attempt, solicitation, or conspiracy to commit either of those offenses may be sentenced to no more than 40 years). Although a defendant's statutory

The Commonwealth further suggests that pursuant to *Commonwealth v. Garcia, supra,* in order for the doctrine to apply and a defendant to be convicted of a lesser-included offense with which he was not specifically charged, the included offense must:

(a) ... [be] established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

(b) ... consist[ ] of an attempt or solicitation to commit the offense charged or to commit an offense otherwise included therein; or

(c) ... differ[ ] from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest or a lesser kind of culpability suffices to establish its commission.

*Garcia,* 378 A.2d at 1205 (quoting MODEL PENAL CODE § 1.07(4)). Applying these standards to the facts *sub judice,* the Commonwealth argues, attempted escape clearly is a lesser-included offense of escape because attempted escape is proven by less than all the facts required to prove the crime of escape. Specifically, the Commonwealth clarifies, attempted escape requires proof of all the same elements of the crime of escape except that the attempted escape need not be successful. Furthermore, the Commonwealth argues, attempted escape clearly meets the second factor of the *Garcia* test because attempted escape, by definition, constitutes an attempt to commit the charged crime of escape.

Next, the Commonwealth argues that in addition to the Superior's Court's disregard of established precedent, the rule it announced is "untenable and unjustified." Appellant's Brief at 11. The Commonwealth claims that the Superior Court's decision transplants the law back to a time when courts would

---

sentencing exposure for attempt crimes is generally the same as for completed offenses, under the current Sentencing Guidelines, a conviction for attempt, solicitation, or conspiracy to commit a first-degree felony receives an Offense Gravity Score of one point less than that felony. *See* 204 Pa.Code § 303.3(c)(1). Thus, an attempt conviction may result in a lesser sentence than a conviction for the completed crime.

abort meritorious prosecutions on technical defects in indictments. The Commonwealth argues that such a system is unjustifiable because a defendant is necessarily on notice to defend against the elements of any lesser-included offense, because, by definition, those elements must be extant in proving the charged offense. Accordingly, the Commonwealth contends, a defendant cannot claim to be harmed or deprived of due process of law. Moreover, the Commonwealth argues, a defendant would actually be denied due process under federal precedent if the Superior Court's decision were permitted to stand. Specifically, the Commonwealth explains, defendants will have no right to lesser-included offense instructions in cases where the Commonwealth has not separately charged the lesser-included offense. Under precedent from the Third Circuit, the Commonwealth continues, due process guarantees criminal defendants the right to receive instructions on lesser-included offenses. Therefore, the Commonwealth concludes, convictions obtained pursuant to the standard announced by the Superior Court would be overturned on federal habeas review as being unconstitutional.

Finally, the Commonwealth challenges the Superior Court's reliance on *Commonwealth v. Tate, supra,* claiming that *Tate* only held that evidence of an attempt to lure a child is insufficient to establish the completed offense of luring a child into a motor vehicle. The Commonwealth contends that *Tate* did not abrogate the lesser-included offense doctrine and that the facts *sub judice* are distinguishable from those of *Tate.* Whereas Tate was convicted of the completed offense of luring a child into a motor vehicle,[4] the Commonwealth clarifies, appellee was convicted merely of attempted escape. Accordingly, the Commonwealth concludes, *Tate* is inapplicable.

In response, appellee contends that the Superior Court was correct in relying on *Tate* to reverse his attempt conviction. He argues that *Tate* stands for the broad proposition that criminal attempt is not a lesser-included offense of a completed crime unless the General Assembly clearly delineated it as such in enacting the criminal statute. He contends, therefore,

4. 18 Pa.C.S. § 2910 (amended 2005).

that where the statutory definition of a specific crime does not criminalize attempts to complete that crime, the defendant cannot be convicted of an attempt unless criminal attempt has been separately charged.

Appellee also argues that the rules of statutory construction, and specifically the mandate that courts look to the plain language of the statute, dictate a reversal of his conviction. He contends that the plain language of 18 Pa.C.S. § 5121 only criminalizes completed acts of removal or failures to return, not attempts at such. Therefore, he concludes, to obtain a conviction for his failed attempt at escape, the Commonwealth had to have charged him with the inchoate offense of criminal attempt under 18 Pa.C.S. § 901. He adds that nothing prevented the Commonwealth from charging him with both criminal attempt and escape, but that its failure to do so should not be held against him or corrected by the courts.

Appellee also notes that after this Court announced its decision in *Tate,* the General Assembly amended the luring statute to include attempts to lure as criminal behavior. He contends that this exemplifies a properly functioning criminal justice system and supports separation of powers between the General Assembly and the Judiciary. He argues that if the General Assembly is dissatisfied with the Superior Court's decision in the instant case, it can always amend the escape statute to specifically criminalize attempting to escape along with the completed crime.

Next, appellee claims that the Commonwealth's reliance on the lesser-included offense doctrine is misplaced because it is "a concept of sentencing merger that embodies a double jeopardy protection to which defendants are entitled." Appellee's Brief at 11. He contends that the lesser-included offense doctrine does not displace due process protections against convicting defendants of uncharged crimes nor does it allow the expansion of penal statutes by the Judiciary.

Finally, appellee argues that the Commonwealth's suggestion that various problems would arise if the Superior Court panel's interpretation of *Tate* were permitted to stand does

not overcome the due process principles and the statutory construction analysis that support both *Tate* and the Superior Court's reliance on *Tate* in the case *sub judice*. He contends that it is reasonable to require the Commonwealth to charge defendants with any crime supported by the evidence, particularly because the Commonwealth has multiple opportunities to amend the charging documents in the course of a prosecution. He also disputes the Commonwealth's claim that the rule announced by the Superior Court would result in the increased likelihood of federal habeas corpus relief by arguing that the Commonwealth would only have to charge defendants with attempt as well as the substantive crime to avoid such a result.

In a reply brief, the Commonwealth disputes appellee's characterization of the *Tate* holding. It argues that *Tate* never held that criminal attempt is not a lesser-included offense of the charged crime unless the General Assembly specifically included attempts in enacting the criminal statute, because Tate was not convicted of a lesser-included offense. Reply Brief at 4. It contends that, therefore, the lesser-included offense doctrine was not at issue in that case, and indeed was not mentioned. Rather, the Commonwealth argues, *Tate* held that an "an attempt to commit a particular offense does not constitute **the actual completion of that crime** unless the pertinent statute so provides." Reply Brief at 5. The trial court's conviction of appellee of the inchoate offense of attempt, the Commonwealth argues, was entirely proper under this Court's precedent.

The Commonwealth also rejects appellee's contention that the lesser-included offense doctrine is only applicable in sentencing matters. Rather, the Commonwealth argues that the doctrine affects not only the crimes for which a defendant may be sentenced, but also the crimes with which he may be charged. *See id.* at 6 (citing *Karetny*, 880 A.2d at 521 n. 13). Relying on the statutory definition of attempt at 18 Pa.C.S. § 901(a), the Commonwealth argues that the elements of criminal attempt and escape are precisely the same, except that escape requires actual completion of the attempted act.

Therefore, the Commonwealth contends, attempt is clearly a lesser-included offense of escape. Finally, the Commonwealth reiterates its position that because all of the elements of attempted escape are encompassed in those of escape, appellee was on notice to defend against them and suffered no due process infringements.

■ The question of whether a defendant can be convicted of an attempt crime with which he had not been charged where he had been charged with the substantive offense is one of law. As such, our scope of review is plenary and our standard of review is *de novo*. *Commonwealth v. Meals,* 590 Pa. 110, 912 A.2d 213, 218 (2006).

Historically, the settled law in Pennsylvania has been that a defendant may be convicted of an offense that is a lesser-included offense of the crime actually charged. *Karetny,* 880 A.2d at 521 n. 13; *Garcia,* 378 A.2d at 1205; *McLaren,* 271 A.2d at 284; *Soudani,* 159 A.2d at 689 n. 1; *Hunter,* 79 Pa. at 506. This doctrine "promotes judicial economy," "avoids inconsistent results," and enhances "the quality of jury deliberations by assuring that factfinders, informed of the option of convicting of related offenses, focus their attention on the presence or absence of those elements that distinguish the greater or lesser offenses." Michael H. Hoffheimer, *The Rise and Fall of Lesser Included Offenses,* 36 RUTGERS L.J. 351, 357–58 (2005). Although Pennsylvania has consistently approved of the doctrine, the more difficult question has always been determining what constitutes a lesser-included offense. Traditionally, there have been three varying approaches in making such determinations: the statutory-elements approach, the cognate-pleadings approach, and the evidentiary approach. 5 WAYNE R. LAFAVE ET AL., CRIMINAL PROCEDURE § 24.8(e), at 576–84 (2d ed.1999).

■ The statutory-elements approach began at common law and is used in the federal courts and in various state courts. Under this approach, the trial court is required to identify the elements of both the greater charge and the lesser charge and determine whether it is possible to commit the greater offense

without committing the lesser offense. If it is not possible, then the lesser offense is considered a lesser-included offense of the greater crime. *Id.* at 576–79.

Pursuant to the cognate-pleading approach, there is no requirement that the greater offense encompass all of the elements of the lesser offense. Rather, it is sufficient that the two offenses have certain elements in common. The focus of this approach is on the pleadings as the trial court must determine whether the allegations in the pleadings charging the greater offense include allegations of all of the elements of the lesser offense. If so, the lesser charge is considered a lesser-included offense of the greater charge. As this approach centers on the pleadings of the case, notice and due process violations are not generally grave concerns. *Id.* at 579–81.

Finally, the evidentiary approach looks to the actual evidence established at trial to assess the relationship between the greater and lesser charges. The lesser offense may have elements that are distinct from the greater offense and still be considered a lesser-included offense, as long as the evidence presented at trial to prove the greater offense actually establishes the elements of the lesser offense. Generally, courts adopting this approach require that the same underlying conduct establish the elements of both offenses. *Id.* at 581–84.

The question of whether an offense is a lesser-included offense of a greater crime arises in three separate contexts. First, as the question is presented here, the inquiry arises in situations where a defendant is convicted of a crime that was not actually charged. *See, e.g., Carter,* 393 A.2d at 661 (finding that because criminal trespass is not a lesser-included offense of burglary for notice purposes, defendants could not be convicted of criminal trespass where they had not been indicted for that crime). Second, the question arises in the context of sentencing, *i.e.,* whether the crimes merge for sentencing purposes. *See, e.g., Commonwealth v. Anderson,* 538 Pa. 574, 650 A.2d 20, 24 (1994) (finding that because aggravated assault is a lesser-included offense of attempted

murder, the two offenses merge for sentencing purposes and defendant could not be sentenced separately for aggravated assault). Finally, the question is presented in the double jeopardy context, *i.e.*, whether imposing two sentences for the two crimes violates the Fifth Amendment's prohibition against being twice put in jeopardy for the same offense. *See, e.g., Commonwealth v. Tarver*, 493 Pa. 320, 426 A.2d 569, 570 (1981) (finding that sentence for robbery conviction violated the Double Jeopardy Clause because defendant had already been sentenced on felony-murder charge arising from same criminal episode).

Recently, in *Commonwealth v. Jones*, 590 Pa. 356, 912 A.2d 815 (Pa.2006), this Court surveyed the cases and clarified that the test to be applied in determining whether an offense is a lesser-included one for sentencing purposes and for double jeopardy inquiries is the same. *See id.* at 362, 912 A.2d at 819. Specifically, we held that courts should use the statutory elements approach, but "with an eye to the specific allegations levied in the case." *Id.* at 367, 912 A.2d at 822.[5] We noted, however, that this approach is broader than that required for inquiries concerning whether a defendant may be convicted of a crime with which he had not been charged, because in those cases, the due process concerns of notice and fairness are implicated. "Where due process and notice are at issue, it is prudent to primarily focus the analysis on the statutory elements of a crime to determine whether crimes are lesser and greater included offenses because due process protects 'an accused against any unfair advantage.'" *Id.* at 370, 912 A.2d at 823 (quoting *Commonwealth v. Bryant*, 367 Pa. 135, 79 A.2d 193, 198 (1951)).

 Just as it requires a criminal statute to give fair warning of the conduct proscribed, *see, e.g., Commonwealth v.*

---

**5.** In his concurrence in *Jones*, Justice Saylor opined that, by enacting the sentencing merger statute, 42 Pa.C.S. § 9765, in 2002, the General Assembly "evinced an intent ... to require a pure statutory elements approach to sentencing merger." *Jones*, at 372, 912 A.2d at 825 (Saylor, J., concurring). In a dissenting opinion, Justice Newman, joined by Justice Eakin, contended that Section 9765 should apply in *Jones, see Jones*, at 372–76, 912 A.2d at 825–27 (Newman, J., dissenting), while former Justice Nigro did not participate in the decision.

*Magliocco*, 584 Pa. 244, 883 A.2d 479, 487 (2005), due process requires that the criminal information provide fair notice of every crime of which a criminal defendant is accused, *see Commonwealth v. Khorey*, 521 Pa. 1, 555 A.2d 100, 108 (1989); Pa.R.Crim.P. 560(C) (providing that "[t]he information shall contain the . . . citation of the statute . . . or other provision of law that the defendant is alleged therein to have violated"). To comport with due process, the notice provided must be sufficiently specific so as to allow the defendant to prepare any available defenses should he exercise his right to a trial. *Commonwealth v. Little*, 455 Pa. 163, 314 A.2d 270, 273 (1974). Such notice ensures that, if the Commonwealth prevails at trial, the defendant's conviction is not arbitrary or oppressive. *See Commonwealth v. Kratsas*, 564 Pa. 36, 764 A.2d 20, 27 (2001) (noting that the fundamental fairness embodied in the Due Process Clauses of the United States and Pennsylvania Constitutions entitles "every individual to be free from arbitrary or oppressive government conduct"). It is these due process concerns that the proper definition of lesser-included offenses must take into account.

In 1977, this Court issued a plurality decision in *Garcia* that looked to the Model Penal Code for assistance in determining what constitutes a lesser-included offense. *See Garcia*, 378 A.2d at 1205. In *Commonwealth v. Polimeni*, 474 Pa. 430, 378 A.2d 1189 (1977), another plurality decision issued the same day as *Garcia*, this Court impliedly adopted Section 1.07(4) of the Model Penal Code. *Id.* at 1193 n. 6 ("We note that the General Assembly, although adopting portions of the Model Penal Code into the Crimes Code, did not incorporate § 1.07(4) of the Model Code. We do not, however, consider this a mark of disapprobation of the Model Code formation of the doctrine of lesser-included offenses."); *see also Commonwealth v. Musselman*, 483 Pa. 245, 396 A.2d 625, 626 n. 1 (1979) (plurality) (citing *Garcia's* reliance on Section 1.07(4) in determining that aggravated assault and recklessly endangering another person are lesser-included offenses of murder); *Carter*, 393 A.2d at 664–65 (Pomeroy, J., dissenting) (noting that between the *Garcia* and *Polimeni* opinions, five Justices were "prepared to be guided by Section 1.07(4) of the Model

Penal Code"). Moreover, both before and after *Garcia* and *Polimeni,* the Superior Court turned to Section 1.07(4) for guidance when applying the lesser-included offense doctrine. *See Commonwealth v. Wood,* 327 Pa.Super. 351, 475 A.2d 834, 835 (1984) (citing Section 1.07(4) in stating that "[t]he test for determining whether an offense is a lesser included offense is whether all the essential elements of the lesser offense are included in the greater offense"); *Commonwealth v. Farmer,* 244 Pa.Super. 334, 368 A.2d 748, 753 (1976) (*en banc*) (citing Section 1.07(4) in determining that the crime of attempted theft of contents of an automobile is a lesser-included offense of the crime of attempted theft of an automobile).

 The Model Penal Code's definition of lesser-included offenses identifies three situations in which a defendant may be convicted of an offense included in the offense charged, the second of which covers inchoate versions of the completed offense:

(4) **Conviction of Included Offense Permitted.** A defendant may be convicted of an offense included in an offense charged in the indictment [or the information]. An offense is so included when:

(a) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

(b) it consists of an attempt or solicitation to commit the offense charged or to commit an offense otherwise included therein; or

(c) it differs from the offense charged only in respect that a less serious injury or risk of injury to the same person, property or public interest or a lesser kind of culpability suffices to establish its commission.

MODEL PENAL CODE § 1.07(4) (alteration in original).

Section 1.07(4)(a) reflects the statutory elements approach defined above and accepted by this Court in *Jones.* In this first scenario, the defendant is given notice of all the elements that the Commonwealth must prove to obtain his conviction. The Commonwealth can convict the defendant only of those offenses that contain all of the elements as the offenses with

which the defendant was charged. The defendant does not need separate notice to defend against these lesser offenses because the defense that he prepares against the offenses charged will necessarily attempt to refute the Commonwealth's evidence of the lesser offenses. Therefore, Section 1.07(4)(a) satisfies the due process concerns that the doctrine of lesser-included offenses, properly understood, must take into account.

Subsection (4)(b) of Section 1.07 of the Code, which is more directly relevant here, provides that an attempt or solicitation to complete the offense charged is a lesser-included offense. The evidence that the Commonwealth must present in an attempt to show that the defendant committed that crime, if sufficient, is necessarily sufficient to show that he took a substantial step toward committing that crime. As in the first situation, there is no unfair surprise—indeed, the availability of a lesser conviction may work to the defendant's advantage as previously noted. Thus, this second scenario concerning lesser-included offenses is consistent with a defendant's due process rights.

In this regard, it is worth noting that Federal Rule of Criminal Procedure 31(c) provides as follows:

**(c) Lesser Offense or Attempt.** A defendant may be found guilty of any of the following:

> **(1)** an offense necessarily included in the offense charged;
>
> **(2)** an attempt to commit the offense charged; or
>
> **(3)** an attempt to commit an offense necessarily included in the offense charged, if the attempt is an offense in its own right.

Fed.R.Crim.P. 31(c). The various Circuit Courts of Appeals have consistently interpreted Rule 31(c)(2) to mean that, if a defendant was charged with a substantive offense, the government need not also charge him with attempt to commit that offense to obtain his conviction for attempt. *See, e.g., United States v. Castro–Trevino,* 464 F.3d 536, 542 (5th Cir.2006) (quoting *United States v. Marin,* 513 F.2d 974, 976 (2d Cir.1975)) ("Under Fed.R.Crim.P. 31(c), a defendant may be

found guilty of an attempt to commit a substantive offense, whether or not the attempt was charged in the indictment, provided an attempt is punishable."); *Simpson v. United States*, 195 F.2d 721, 723 (9th Cir.1952) (holding that "the jury could, as it did, find appellant guilty of the attempt [to possess a narcotic drug], despite the fact that the attempt was not expressly charged").[6]

Finally, subsection (4)(c) of Section 1.07 of the Model Penal Code declares an offense to be lesser-included when the only difference between the offense charged and the one of which a defendant is convicted is that a less serious injury or a lesser degree of culpability suffices as proof of the lesser offense. By charging a defendant with the more serious offense, the Commonwealth provides the defendant with notice that it will seek to prove that he committed that offense. If the evidence that the Commonwealth presents is sufficient to show that the defendant caused the greater injury or had the greater degree of culpability, then it is necessarily sufficient to show that he committed the less serious offense. We recognize that a defendant may not wish to put on a defense against the more serious offense if it requires him to concede guilt as to the less serious offense. Nevertheless, by charging him with the more serious offense, the Commonwealth has given the defendant the information that he needs to choose and tailor his defense strategy. Accordingly, Section 1.07(4)(c) likewise is consistent with a defendant's right to due process.

We note that the Model Penal Code's approach is more flexible than that employed in a strictly statutory-elements approach. *See* LaFave, *supra*, at 578 (noting that "the statutory-elements method of determining which uncharged offenses are included within a charged offense has been criticized as too mechanical and inflexible"). It is slightly narrower than the test set forth in this Court's opinion in

6. While these federal authorities are not binding on this Court, they are persuasive, especially given that we have generally treated the Due Process Clauses of the United States and Pennsylvania Constitutions as coextensive. *See Commonwealth, Dep't of Transp. v. Taylor*, 576 Pa. 622, 841 A.2d 108, 114 n. 6 (2004) (citing *Kratsas*, 764 A.2d at 27 n. 5, and *Commonwealth v. Snyder*, 552 Pa. 44, 713 A.2d 596, 600 (1998)).

524

*Jones* for inquiries involving sentencing and double jeopardy concerns, but it is a reasonable means of assessing lesser-included offenses in the charging context that does not infringe upon the constitutional rights of criminal defendants. Moreover, it has previously been applied in this Commonwealth in situations like the one here. *See Farmer, supra.* Therefore, and absent statutory authority to the contrary, we deem it appropriate to look to the Model Penal Code's definition of lesser-included offenses in this instance.[7]

Part I of the Crimes Code, 18 Pa.C.S. § 101 *et seq.*, contains "Preliminary Provisions" which precede the "Definition of Specific Offenses" which begin in Part II (Chapter 21). Chapter 9 of Part I recognizes "inchoate crimes." Section 901 contains the first of the inchoate crimes, criminal attempt, which is defined as follows:

> **(a) Definition of attempt.**—A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime.

18 Pa.C.S. § 901(a). Thus, the General Assembly has authorized convictions for attempt crimes, no less than for completed crimes.

Attempt crimes are classic lesser-included offenses; indeed, an attempt crime is defined only with relation to the completed crime. Thus, under any rational approach, attempted escape is clearly a lesser-included offense of the crime of escape, *i.e.*, it is an "attempt . . . to commit the offense charged," MODEL PENAL CODE § 1.07(4)(b), and appellee was charged with escape in the instant case.[8] Therefore, we hold that the fact that appellee had been charged only with escape did not preclude the trial court from convicting him of attempted escape.

---

7. We note that various other jurisdictions have adopted the Model Penal Code as their test for lesser-included offenses. *See, e.g., Drinkard v. Walker,* 281 Ga. 211, 636 S.E.2d 530, 533–34 (2006); *State v. Burdett,* 70 Haw. 85, 762 P.2d 164, 166 (Haw.1988); *State v. Sheldon,* 301 N.W.2d 604, 610 n. 5 (N.D.1980).

8. Although not necessary to our determination, we note that the first scenario identified in the Model Penal Code also accurately describes

Finally, we turn to this Court's decision in *Tate* and the question of whether a proper application of *Tate* would require or counsel a different result than that commanded by the lesser-included offense doctrine. In *Tate*, the appellant pulled up next to a 14–year–old girl and told her to get in his car. The child refused, went home, and reported the incident to her grandmother. Tate was arrested and subsequently convicted of luring a child into a motor vehicle, 18 Pa.C.S. § 2910 (amended 2005). On appeal, Tate argued that he could not be convicted of the completed crime of luring a child into a vehicle because the girl never entered his car. This Court agreed with Tate and held that, because he did not successfully lure the child into the car he could not be charged with the completed act, absent statutory language to the contrary. We noted that "[u]nsuccessful attempts at criminality may still be punished, but the offense is criminal attempt." *Tate*, 816 A.2d at 1098.[9]

*Tate* is clearly distinguishable from the case *sub judice*. The appellant in *Tate* was convicted of a completed crime when he had not actually completed the crime with which he was charged. Here, appellee was convicted of an attempt crime, which the factfinder concluded was the appropriate offense given the evidence presented at trial. *Tate* did not address, much less purport to abolish, this Court's long-standing precedent regarding lesser-included offenses, and

the case *sub judice*. Whereas the crime of escape requires the completed act of removing oneself from detention, the crime of criminal attempt requires only a substantial step toward completing the removal. *See* 18 Pa.C.S. § 5121 (defining escape as "unlawfully remov[ing] [one's]self from official detention ..."); 18 Pa.C.S. § 901(a) (defining attempt). Therefore, attempted escape is proven by "the same or less than all the facts required to establish commission of" a completed escape. MODEL PENAL CODE § 1.07(4)(a).

9. In reversing Tate's conviction, this Court noted that the luring statute differed from other statutes that explicitly state that an attempt at accomplishing an act is sufficient to commit the offense. *See Tate*, 816 A.2d at 1098 (citing 18 Pa.C.S. § 2701 (simple assault), 18 Pa.C.S. § 2702 (aggravated assault), and 18 Pa.C.S. § 3701(2) (robbery)). This Court did not consider whether luring was, by its nature, an attempt offense.

indeed consideration of the doctrine obviously was not necessary to the decision. *Tate* said nothing to prohibit the factfinder in an appropriate case from convicting the defendant of an attempt crime in a case where the Commonwealth charged the defendant only with the completed offense. The Superior Court panel read too much into *Tate,* and thus its reliance on *Tate* was misplaced. *Tate* does not preclude a defendant charged with a substantive offense from being convicted of criminal attempt to commit the same offense even though he had not specifically been charged with attempt.

Accordingly, we reverse the order of the Superior Court and remand the matter for consideration of appellee's claim that the evidence was insufficient to support his conviction for attempted escape, which the Superior Court did not reach. In remanding the matter to the Superior Court to consider appellee's sufficiency claim, we offer no view as to whether the evidence was sufficient to support appellee's conviction.

Former Justice NEWMAN did not participate in the decision of this case.

Chief Justice CAPPY, Justice SAYLOR, EAKIN and BAER and Justice BALDWIN join the opinion.