J-S38027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSEPH S. EMEL | |
| Appellant | No. 1923 MDA 2014 |

Appeal from the Judgment of Sentence entered September 4, 2014
In the Court of Common Pleas of Clinton County
Criminal Division at No: CP-18-CR-0000133-2014

BEFORE:  WECHT, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 20, 2015**

Appellant, Joseph S. Emel, appeals from the judgment of sentence[1] entered for his conviction of criminal conspiracy.  Appellant contends the trial court violated his due process rights in sentencing him to a crime with which he was not charged.  After review, we affirm.

---

[1] The trial court imposed sentence on September 4, 2014.  Appellant filed a timely post-sentence motion.  In response, the trial court vacated the judgment of sentence, even though Rule 720 provides, "[t]he judge **shall not vacate** sentence pending decision on the post-sentence motion, but shall decide the motion as provided in this paragraph."  Pa.R.Crim.P. 720(B)(3) (emphasis added).  The trial court's *ultra vires* vacatur of the judgment of sentence is a legal nullity.  Because of the breakdown in the operation of the court, we will construe the trial court's "sentence" re-imposed on October 28, 2014, as an order denying Appellant's post-sentence motion.

Appellant was an inmate at the Clinton County Correctional Facility. He and other inmates, including his son, accused a corrections officer of exposing his penis to them. After investigation, authorities determined the inmates had contrived to submit a false accusation. Police charged Appellant and his cohorts with several crimes of false reporting. The exact charges lodged against Appellant changed several times before trial. Following the Commonwealth's filing of a second amended information, the charges were: (1) solicitation to commit false reports to law enforcement authorities;[2] (2) false reports to law enforcement authorities;[3] (3 and 4) unsworn falsification to authorities;[4] and (5 and 6) conspiracy to commit unsworn falsification to authorities.[5]

Following the close of the Commonwealth's case, the trial court denied Appellant's motion for judgment of acquittal. It then conferred with counsel regarding the jury instructions and verdict slip. Appellant's counsel noted that the Commonwealth essentially alleged two acts of falsity: the false internal grievance to prison authorities and the submission of false statements to the Pine Creek Township Police Department, which

_____

[2] 18 Pa.C.S.A. § 902(a)

[3] 18 Pa.C.S.A. § 4906(a).

[4] 18 Pa.C.S.A. § 4904(a)(1) and (2).

[5] 18 Pa.C.S.A. § 903(a).

investigated the internal grievance. During the colloquy, the following occurred:

> THE COURT: Well, it just seems to me that the best way to submit this is one count of unsworn falsifications that the [Appellant] did, and one count of false reports the [Appellant] did, and then just a general count of conspiracy and let it go at that.

> \* \* \*

> The [jury will] have three counts: Number one, whether or not the [Appellant] committed unsworn falsification[s] by his report to the correctional facility; number two, whether he committed false reports by his written statement to Pine Creek Police Department, and three, **just a general conspiracy count**.

N.T. Jury Trial (Partial), 8/14/14, at 6-7 (emphasis added). Following a brief recess, the trial court showed counsel at sidebar the verdict slip to be used. Notwithstanding the above, the verdict slip listed count 3 as "Conspiracy to File **False Reports**." Verdict, 9/9/14 (emphasis added). The trial court showed both counsel the verdict slip.

> THE COURT: The [c]ourt has shown counsel the verdict slip which the [c]ourt proposes to use. Mr. Ryan [*i.e.*, the prosecutor], any objection?

> MR. RYAN: No.

> THE COURT: Mr. Strouse[, *i.e.*, defense counsel]?

> MR. STROUSE: **No, Your Honor.**

N.T. Jury Trial (Partial), 8/14/14, at 7-8 (emphasis added). On Count 3, the trial court then charged the jury as follows:

> THE COURT: I've tried to simplify this for you by breaking down the charges into three separate categories.

Counts 1 and 2 have to do with statements made allegedly by the [Appellant], himself. Count 3 involves conspiracy, that is, the alleged discussion among all of the various players in this particular case. . . .

* * *

Now, the third count involves the general concept of conspiracy that involves this entire scenario that we've been talking about to today, and that is the filing of the grievance report by the first gentleman and then this admission of other reports by the other various inmates that were part of this cell block area. The [Appellant] is charged with conspiracy to commit the offenses of false reports **and unsworn falsifications** which are the first two counts. In Pennsylvania, joining in a conspiracy or creating a conspiracy is itself a crime. Even if the crime that people are planning is not carried out, the members of the conspiracy are all responsible for the **distinct crime of conspiracy**. . . .

* * *

Now, in this case, with regard to the charge of conspiracy, the Commonwealth alleges that the [Appellant] conspired with the other folks in the cell block and that they would make up a story about what the correctional officer did, and proceed with a grievance procedure and then investigation that followed the grievance procedure and continue to put forth false accusations regarding the correctional officer.

*Id.* at 8, 12, 13-14 (emphasis added).

After completing its charge, the trial court asked counsel at sidebar whether they had any objections. Appellant did not object. The Commonwealth requested clarification regarding the conspiracy count, so the trial court gave the following corrective charge:

THE COURT: When I had typed up [sic] with regard to Count 3, I did put down conspiracy to file false reports, but the conspiracy charge refers both to filing false reports to the Pine Creek Township [Police Department] as well as the unsworn falsification to the correctional facility. **So anything within the context of what we've been talking about today**.

- 4 -

*Id.* at 15 (emphasis added).

The jury acquitted Appellant of false reports and unsworn falsifications, and convicted him of conspiracy. On September 4, 2015, the trial court sentenced Appellant to 4 to 24 months in prison. Appellant filed a post-sentence motion claiming that the jury instructions were erroneous and that the trial court improperly sentenced him for a crime with which he was never charged. The trial court denied the post-sentence motion, **see supra**, note 1, and this appeal followed.

On appeal, Appellant frames his argument as follows:

> Whether the trial court erred as a matter of law by sentencing [Appellant] on one count of conspiracy where the jury convicted Appellant on a conspiracy offense listed on the verdict slip for which Appellant had not been charged by the Commonwealth.

Appellant's Brief at 8 (all-caps font removed).

Sentencing a defendant for an uncharged crime implicates due process. **See Commonwealth v. Sims**, 919 A.2d 931, 938 (Pa. 2007). Whether Appellant was "denied due process is a question of law. 'As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary.'" **Commonwealth v. Moody**, 46 A.3d 765, 771 (Pa. Super. 2012) (quoting **In re Wilson**, 879 A.2d 199, 214 (Pa. Super. 2005) (*en banc*)), *appeal granted in part on other grounds*, 79 A.3d 1093 (Pa. 2013).

We reject Appellant's argument for two reasons. First, he waived any claims of error regarding the jury instructions and jury verdict slip. Second,

the record does not show that Appellant was convicted of an uncharged crime.

To preserve an issue on appeal, a party must timely object. *Commonwealth v. Gonzalez*, 112 A.3d 1232, 1240 (Pa. Super. 2015). Appellant did not object to the verdict slip; thus, we cannot review Appellant's claim of error regarding it. "Trial counsel did not object to the use of the verdict slip, and therefore this issue has been waived." *Commonwealth v. duPont*, 730 A.2d 970, 984-85 (Pa. Super. 1999).

Similarly, we cannot review any claim of error regarding the jury instructions. To preserve error regarding jury instructions, a defendant must make a specific objection at trial. Pa.R.Crim.P. 647(B); Pa.R.A.P. 302(b). "A specific and timely objection must be made to preserve a challenge to a particular jury instruction. Failure to do so results in waiver." *Commonwealth v. Charleston*, 16 A.3d 505, 527 (Pa. Super. 2011) (quoting *Commonwealth v. Moury*, 992 A.2d 163, 178 (Pa. Super. 2010)). Here, Appellant raised his objection to the jury charge for the first time in a post-sentence motion. Therefore, he waived any claim of error to the charge.[6]

_____

[6] The constitutional nature of Appellant's contention does not vitiate the requirement to preserve error by timely objecting. *See Commonwealth v. Strunk*, 953 A.2d 577, 579, 581 (Pa. Super. 2008) (noting that even constitutional claims may not be raised for the first time on appeal, and holding defendant waived his claim that he was denied his Sixth Amendment
*(Footnote Continued Next Page)*

Second, we disagree with Appellant's contention that the trial court sentenced him to a crime with which he was not charged. The flaw in Appellant's logic is that it conflates the substantive, inchoate crime of conspiracy with the offenses that are the object or objects of the conspiracy.

The Crimes Code defines conspiracy as follows:

A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S.A. § 903(a). The elements of conspiracy are:

(1) the defendant intended to commit or aid in the commission of the criminal act;[7] (2) the defendant entered into an agreement with another (a "co-conspirator") to engage in the crime; and (3) the defendant or one or more of the other co-

*(Footnote Continued)* ───────────────

right to a fair trial by an impartial jury when he failed to request removal of sleeping juror).

[7] Section 903 requires that the conspiracy have a criminal objective. This clarifies the law of conspiracy, which previously extended conspiracy to any agreement "to do any other dishonest, malicious, or unlawful act . . . ." 18 Pa.C.S.A. § 903 Official Comment – 1972 (quoting Penal Code of 1939, Act of June 24, 1939, P.L. 872, § 302 (formerly found at 18 P.S. § 4302)); **see also** Model Penal Code Commentaries pt. 1, § 5.03, at 394-97 (1985) (explaining the purpose of the "criminal objective" requirement of Model Penal Code § 5.03 (from which 18 Pa.C.S.A. § 903 is derived) was to narrow the law of conspiracy).

conspirators committed an overt act in furtherance of the agreed upon crime.

***Commonwealth v. Murphy***, 844 A.2d 1228, 1238 (Pa. 2004). A conspiracy is complete when one of the conspirators commits an overt act in pursuance of the conspiracy. 18 Pa.C.S.A. § 903(e). "The overt act need not accomplish the crime—it need only be in furtherance thereof. In fact, no crime at all need be accomplished for the conspiracy to be committed." ***Commonwealth v. Weimer***, 977 A.2d 1103, 1105-06 (Pa. 2009). In other words, the conspiracy does not need to be successful for the conspirators to be criminally liable.

Because conspiracy is both an inchoate offense and a distinct, substantive crime from the object of the conspiracy, the elements of the underlying crime are not elements of conspiracy. Rather, to convict, the Commonwealth needed prove only that Appellant agreed with his fellow inmates to commit a criminal act. Therefore, Appellant errs in comparing the disparate elements of false reports and unsworn falsifications. The record shows that the jury was charged that it could find Appellant guilty of conspiracy based broadly on the criminal acts he and the other inmates agreed to accomplish. The Commonwealth was not required to prove the specific elements of the crimes that Appellant conspired to commit.

Finally, Appellant baldly claims a violation of due process based on alleged lack of notice and inability to prepare a defense. Appellant, however, fails to identify any prejudice incurred by the alleged lack of notice. We find none.

We reject Appellant's sole assignment of error that he was convicted of a crime with which he was not charged. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2015