[J-29A-C-2016][M.O. – Baer, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 30 MAP 2015 |
| | : | |
| Appellant | : | Appeal from the Order of the Superior |
| | : | Court at No. 1420 MDA 2013, dated |
| v. | : | 4/14/14 affirming the order of the York |
| | : | County Court of Common Pleas, |
| | : | Criminal Division, at No. CP-67-CR- |
| GABRIEL J. MARTINEZ, | : | 0001486-2010, dated 7/19/13 |
| | : | |
| Appellee | : | |
| | : | |
| | : | ARGUED: March 8, 2016 |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 32 MAP 2015 |
| | : | |
| Appellant | : | Appeal from the Order of the Superior |
| | : | Court at No. 1522 MDA 2013 dated |
| v. | : | 4/14/14 affirming the order of the York |
| | : | County Court of Common Pleas, |
| | : | Criminal Division, at No. CP-67-CR- |
| ADAM MACKENZIE GRACE, | : | 0000227-2011, dated 7/31/13 |
| | : | |
| Appellee | : | |
| | : | |
| | : | ARGUED: March 8, 2016 |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 34 MAP 2015 |
| | : | |
| Appellant | : | Appeal from the Order of the Superior |
| | : | Court at No. 1422 MDA 2013 dated |
| v. | : | 4/15/14 affirming the order of the York |
| | : | County Court of Common Pleas, |
| | : | Criminal Division, at No. CP-67-CR- |
| WAYNE PATRICK SHOWER, | : | 0006313-2005, dated 7/19/13 |
| | : | |
| Appellee | : | |
| | : | |
| | : | ARGUED: March 8, 2016 |

**CONCURRING OPINION**

**CHIEF JUSTICE SAYLOR**                    **DECIDED:  September 28, 2016**

I agree with much of the majority's contract-based reasoning and its conclusion that appellees are entitled to the benefit of their bargains.  However, I am circumspect that such relief, exempting appellees from SORNA's requirements, may be effectuated absent a constitutional basis.  *See Commonwealth v. Killinger*, 585 Pa. 92, 106, 888 A.2d 592, 601 (2005) ("We will not interfere any more than the constitution requires with the Legislature's deliberative process in refining the treatment of sexual offenders to best protect the citizens of the Commonwealth."); *see also* 42 Pa.C.S. §9799.23(b)(2) ("[T]he court shall have no authority to relieve a sexual offender from the duty to register under this subchapter or to modify the requirements of this subchapter as they relate to the sexual offender.").

The *Zuber* case -- which the majority appears to rely on as authority for the grant of specific performance premised on contract principles alone -- involved a plea agreement containing terms that violated existing law.  *See* Majority Opinion, *slip op.* at 23 n.19 (discussing *Commonwealth v. Zuber*, 466 Pa. 453, 353 A.2d 441 (1976)).  Critically, the *Zuber* Court, in enforcing the plea agreement, required that the sentence be modified in such a manner so as to *comply* with the pertinent provisions of the law. *See Zuber*, 466 Pa. at 462 & n.8, 353 A.2d at 446 & n.8.  In contrast, any similar modification appears impossible in the present matter, since SORNA facially requires registration terms different from those that were incorporated into the plea bargains. Accordingly, I believe further analysis is necessitated.

The Fourteenth Amendment to the United States Constitution and Article 1, Section 9 of the Pennsylvania Constitution, which have been interpreted as generally

coextensive, guarantee the protections of due process. *See Commonwealth v. Sims*, 591 Pa. 506, 523 n.6, 919 A.2d 931, 941 n.6 (2007). The Court has previously related that "[t]he due process inquiry, in its most general form, entails an assessment as to whether the challenged proceeding or conduct offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental and that defines the community's sense of fair play and decency." *Commonwealth v. Kratsas*, 564 Pa. 36, 49, 764 A.2d 20, 27 (2001) (quote marks, citations, and alterations omitted); *see also Khan v. State Bd. of Auctioneer Exam'rs*, 577 Pa. 166, 183, 842 A.2d 936, 946 (2004) ("Substantive due process is the esoteric concept interwoven within our judicial framework to guarantee fundamental fairness and substantial justice . . .." (internal quotes and citation omitted)).

As relates to this constitutional protection, the majority develops that plea bargaining is an "essential component of the administration of justice," Majority Opinion, *slip op.* at 21 (quoting *Santobello v. New York*, 404 U.S. 257, 260, 92 S. Ct. 495, 498 (1971)), and that the Commonwealth has an affirmative duty to abide by the terms of the plea agreement, *see id.* at 23 (citing *Zuber*, 466 Pa. at 458-59, 353 A.2d at 444 ("Our courts have demanded strict compliance . . . in order to avoid any possible perversion of the plea bargaining system, evidencing the concern that a defendant might be coerced into a bargain or fraudulently induced to give up the very valued constitutional guarantees attendant the right to trial by jury.")).

From my perspective, plea bargaining's role in our justice system, combined with the defendant's exchanged waiver of constitutional rights, mandates consideration of fundamental fairness and attendant due process protections. *See State v. Blackwell*, 522 S.E.2d 313, 315 (N.C. Ct. App. 1999) ("By pleading guilty, a defendant waives many constitutional rights, not the least of which is his right to a jury trial. No other right

of the individual has been so zealously guarded over the years and so deeply embedded in our system of jurisprudence . . .. As such, due process mandates strict adherence to any plea agreement." (quotation marks and citations omitted)), *remanded on other grounds*, 538 S.E.2d 929 (N.C. 2000) (*per curiam*).[1]

It seems evident from this Court's and other jurisdictions' precedents that the enforcement of plea bargains is rooted in fundamental fairness. *See, e.g.*, *Commonwealth v. Sluss*, 419 S.E.2d 263, 265 (Va. Ct. App. 1992) ("[T]o allow the government to receive the benefit of its bargain without providing the reciprocal benefit contracted for by the defendant would do more than violate the private contractual rights of the parties—it would offend all notions of fairness in the related criminal proceedings, which are protected by constitutional due process."). Accordingly, since the parties stipulated in these cases that the registration conditions were express terms of appellees' plea agreements, I believe appellees are entitled to the benefit for which they bargained as a matter of due process.

---

[1] The view that plea bargains must be enforced pursuant to due process principles appears to garner support among many state and federal jurisdictions. *See, e.g.*, *Cuero v. Cate*, __ F.3d __, __, 2016 WL 3563660, at *3 (9th Cir. June 30, 2016) (indicating that, where a term in a plea agreement functions as an inducement for the defendant to plead guilty, the defendant obtains a vested right under the Due Process Clause to enforce it); *United States v. Lara-Ruiz*, 681 F.3d 914, 919 (8th Cir. 2012); *United States v. Al-Arian*, 514 F.3d 1184, 1190 (11th Cir. 2008); *United States v. Randolph*, 230 F.3d 243, 249 (6th Cir. 2000); *In re Altro*, 180 F.3d 372, 375 (2d Cir. 1999); *United States v. Ingram*, 979 F.2d 1179, 1184 (7th Cir. 1992); *People v. Villalobos*, 277 P.3d 179, 182 (Cal. 2012); *Van Buskirk v. State*, 720 P.2d 1215, 1216 (Nev. 1986); *State v. Howington*, 907 S.W.2d 403, 410 (Tenn. 1995); *Commonwealth v. Sandy*, 509 S.E.2d 492, 494 (Va. 1999). *But see State v. Kuchenreuther*, 218 N.W.2d 621, 624 (Iowa 1974) (requiring the state to honor its plea agreement, but concluding that *Santobello* was adjudicated by "application of what may be termed a 'fair-play standard,'" rather than constitutional principles).