J-S38007-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                              :         PENNSYLVANIA
                              :
            v.                :
                              :
                              :
DAVID  FREDERICK              :
                              :
        Appellant             :   No. 1808 WDA 2019

Appeal from the PCRA Order Entered November 14, 2019
In the Court of Common Pleas of McKean County Criminal Division at
No(s):  CP-42-CR-0000497-2013

BEFORE:   BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY BENDER, P.J.E.:           **FILED:  February 2, 2022**

Appellant, David Frederick, appeals from the post-conviction court's order dismissing his timely petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.   After careful review, and in accordance with an agreement reached by the parties, we reverse the PCRA court's order, vacate Appellant's judgment of sentence, and remand for resentencing.

This Court previously provided a summary of the facts and procedural history of this case as follows:

> The Commonwealth charged Appellant with 15 sexually[-]related crimes[1] against his biological juvenile daughter.  The victim, who

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Specifically, the Commonwealth charged Appellant with rape, 18 Pa.C.S. § 3121(a)(1); rape of a child, 18 Pa.C.S. § 3121(c); statutory sexual assault,
*(Footnote Continued Next Page)*

was 18 years old at the time of trial, testified that Appellant engaged in various acts of sexual misconduct on a weekly basis beginning when she was 11 or 12 years old.

Following a two-day trial in April 2014, a jury found Appellant guilty of [two counts of EWOC, corruption of minors, and two counts of indecent assault].[2]  On October 7, 2015, following an assessment and argument, the trial court determined Appellant to be a sexually violent predator….  On November 14, 2014, the trial court sentenced Appellant to an aggregate term of 62 months to 19 years of imprisonment.

***Commonwealth v. Frederick***, No. 1963 WDA 2014, unpublished memorandum at 1-2 (Pa. Super. filed Jan. 12, 2016).  On direct appeal, this Court affirmed Appellant's judgment of sentence, and he did not seek further review with our Supreme Court.  ***Commonwealth v. Frederick***, 136 A.3d 1031 (Pa. Super. 2016) (unpublished memorandum).

Appellant timely-filed the instant PCRA petition ("Petition") on January 3, 2017.  Following a hearing on July 29, 2019,[3] Appellant filed a motion to

18 Pa.C.S. § 3122.1(b); involuntary deviate sexual intercourse, 18 Pa.C.S. § 3123(a)(1); aggravated indecent assault of a child, 18 Pa.C.S. § 3125(b); two counts of sexual assault, 18 Pa.C.S. § 3124.1; aggravated indecent assault, 18 Pa.C.S. § 3125; two counts of incest, 18 Pa.C.S. § 4302(b)(1), (2); two counts of endangering welfare of children ("EWOC"), 18 Pa.C.S. § 4304(a)(1); corruption of minors, 18 Pa.C.S. § 6301(a)(1)(ii); and two counts of indecent assault, 18 Pa.C.S. § 3126(a)(1), (8).  As is particularly relevant to this appeal, the EWOC offenses were charged as third degree felonies pursuant to 18 Pa.C.S. § 4304(b)(1)(ii) ("If the actor engaged in a course of conduct of endangering the welfare of a child, the offense constitutes a felony of the third degree.").

[2] The jury found Appellant not guilty of the remaining charges.

[3] At the hearing, the PCRA court determined that all the issues raised in the Petition at that point in time could be addressed without fact-finding.  N.T., 7/29/19, at 2-3.  The court also granted Appellant 20 days to file amendments
*(Footnote Continued Next Page)*

amend the Petition on August 30, 2019. On November 14, 2019, the PCRA court issued an opinion and order denying the Petition.[4] Appellant filed a timely notice of appeal, and a timely, court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued its Rule 1925(a) opinion on February 5, 2020.

Appellant now presents the following questions for our review:

I. Whether [Appellant] received ineffective assistance of counsel from trial counsel because trial counsel failed to request the trial court charge the jury as to the definition of "course of conduct" relative to the offenses of [EWOC] and corruption of minors where said "course of conduct" was an element of the offense for which he was charged and would elevate the grading and offense gravity score of those offenses?

II. [Appellant] intends to withdraw the claim for relief enumerated as "2" in [his Rule 1925(b) statement] for the reasons set forth in the Argument.

III. Whether the PCRA court erred by failing to address [Appellant]'s additional, meritorious PCRA issues raised in [his] August 30, 2019 Motion to Amend [the Petition] and where the PCRA court's November 13, 2019 Order[,] filed November 19, 2019[,] failed to comply with Pa.R.Crim.P. 907 or Pa.R.Crim.P. 908?

_____

to the Petition, although the court also stated that it had not yet determined if it would ultimately permit those amendments. *Id.* at 3-4.

[4] The PCRA court did not file a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss the Petition without an evidentiary hearing, despite having determined that no fact-finding was required to address the claim in the Petition. *See* Pa.R.Crim.P. 907(1) ("If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal."). Moreover, the court did not rule on Appellant's pending motion to amend the Petition.

Appellant's Brief at 6-7 (unnecessary capitalization omitted).

We observe that the Commonwealth of Pennsylvania's Office of the Attorney General, in lieu of filing a brief in opposition to Appellant's claim on appeal, instead submitted a letter to this Court on November 5, 2021, indicating that the Commonwealth had reached an agreement with Appellant as to the resolution of this appeal. **See** Commonwealth's Letter ("Letter Brief"), 11/5/21, at 1. In that letter, the Commonwealth states that, in exchange for Appellant's withdrawing his third claim, the Commonwealth concedes that Appellant is entitled to relief on his first claim in the form of a new sentencing hearing. **Id.**

In his first claim for relief, Appellant asserts that his trial counsel was constitutionally ineffective[5] for failing to request specific jury instructions related to his convictions for EWOC and corruption of minors, which were graded as third-degree felonies at sentencing. Specifically, Appellant points out that the jury was only instructed with respect to the core elements of EWOC and corruption of minors, which constitute misdemeanors of the first degree. **See** 18 Pa.C.S. § 4304(b)(1)(i) ("An offense under this section constitutes a misdemeanor of the first degree."); **and see** 18 Pa.C.S. §

_____

[5] To prove ineffective assistance, a petitioner must "rebut the presumption of professional competence" by counsel "by demonstrating that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis…; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different." **Commonwealth v. Ali**, 10 A.3d 282, 291 (Pa. 2010).

6301(a)(1)(i) ("Whoever, … by any act corrupts or tends to corrupt the morals of any minor … commits a misdemeanor of the first degree."). Appellant contends that the jury was never instructed with respect to the third-degree-felony gradings of these offenses, which apply when the Commonwealth proves a defendant engaged in a 'course of conduct' in violating the respective statutes. ***See*** 18 Pa.C.S. § 4304(b)(1)(ii) ("If the actor engaged in a ***course of conduct*** of [EWOC], the offense constitutes a felony of the third degree.") (emphasis added); ***and see*** 18 Pa.C.S. § 6301(a)(1)(ii) ("Whoever, being of the age of 18 years and upwards, by any ***course of conduct*** in violation of Chapter 31 … corrupts or tends to corrupt the morals of any minor … commits a felony of the third degree.") (emphasis added).

In ***Commonwealth v. Popow***, 844 A.2d 13 (Pa. Super. 2004), this Court held that for EWOC

> to be graded as a third-degree felony, the Commonwealth must allege in the information and present evidence at trial of the additional factor of "course of conduct," ***and the jury must be instructed on such***. … We cannot merely assume the jury found this additional fact when no evidence of it was presented at trial ***and no mention of it was made in the jury's charge***.

***Id.*** at 18 (emphasis added). Appellant argues that his trial counsel was ineffective for failing to request a specific jury instruction for the felony grading of the EWOC charges in accordance with ***Popow*** and, analogously, that counsel was ineffective for failing to request proper instructions with respect to the felony grading of the corruption of minors statute.

In its Rule 1925(a) opinion, the PCRA court determined that "since: 1) the jury was specifically instructed to address whether the Commonwealth proved, beyond a reasonable [doubt], whether … Appellant committed separate acts on different dates and times; and[] 2) the jury specifically found that [Appellant] committed separate and distinct acts/offen[s]es, counsel was not ineffective for requesting a more specific instruction." PCRA Court Opinion, 2/5/20, at 2. However, the court failed to address whether the jury had been properly instructed with respect to the felony gradings of EWOC and corruption of minors, independent of whether there was sufficient evidence presented to prove a course of conduct under either offense.

As the Commonwealth dutifully acknowledges,

[t]he jury instructions provided for [c]orruption of [m]inors and [EWOC] did not contain the elements needed for the jury to convict [Appellant] of a felony of the third degree. The instructions provided to the jury paralleled the instructions for those offenses when graded as a misdemeanor of the first degree. However, the jury convicted [Appellant] of those offenses as felonies of the third degree. The Commonwealth concedes that [Appellant] has proven ineffective assistance of counsel for failing to request the proper jury instructions.

Letter Brief at 1.

We agree. Although Appellant was properly charged and convicted with respect to the core elements of EWOC and corruption of minors,[6] the instructions given to the jury cannot sustain the felony grading of either

---

[6] "It is 'the settled law in Pennsylvania ... that a defendant may be convicted of an offense that is a lesser-included offense of the crime actually charged.'" **Commonwealth v. Kelly**, 102 A.3d 1025, 1032 (Pa. Super. 2014) (quoting **Commonwealth v. Sims**, 919 A.2d 931, 938 (Pa. 2007)).

offense. Thus, Appellant is entitled to resentencing for those crimes. Additionally, as noted by the Commonwealth,

> [r]educing the corruption of minors[] count and the two counts of [EWOC] to misdemeanors of the first degree would disrupt the overall sentencing scheme. ***Kelly***, 102 A.3d at 1033 (remand[ing] for resentencing where felony conviction of corruption of minors was altered to lesser included misdemeanor conviction of [c]orruption of [m]inors); … ***Popow***, 844 A.2d [at] 18 … ([applying a] similar principle … to [an EWOC] conviction).

Letter Brief at 2 (unnecessary capitalization omitted).

Accordingly, with respect to Appellant's first claim, we vacate his judgment of sentence in its entirety, and remand for resentencing consistent with this memorandum. Otherwise, we leave Appellant's convictions intact. As to his remaining claims, Appellant withdrew his second claim with the filing of his brief, and he has agreed to withdraw his third claim in accordance with the aforementioned agreement between the parties.

Order ***reversed***. Case ***remanded*** for resentencing. Jurisdiction ***relinquished***.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/2/2022