J-S36037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: A.G.C., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: A.G.C. | No. 1324 MDA 2015 |

Appeal from the Dispositional Order May 26, 2015
In the Court of Common Pleas of Berks County
Juvenile Division at No(s): CP-06-JV-0000487-2014

BEFORE: MUNDY, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.: **FILED APRIL 25, 2016**

A.G.C. (hereinafter "Juvenile") appeals the dispositional order entered in the Court of Common Pleas of Berks County by the Honorable Scott E. Lash on May 26, 2015, following his adjudication of delinquency[1] for one count of indecent assault.[2] After a careful review, we remand for further proceedings consistent with this memorandum and our Judgment Order quashing the appeal filed in ***In the Interest of A.G.C., a minor; Appeal of : A.G.C.***, 1323 MDA 2015 (hereinafter "1323 MDA 2015").

---

[1] Appellant purports to appeal from the order of adjudication of delinquency; however, "[i]n juvenile proceedings, the final order from which a direct appeal may be taken is the order of disposition entered after the juvenile is adjudicated delinquent." ***In re N.W.***, 6 A.3d 1020, 1026 n.1 (Pa.Super. 2010) (citation omitted).

[2] 18 Pa.C.S.A. § 3126(a)(7).

---

*Former Justice specially assigned to the Superior Court.

On December 18, 2014, the Commonwealth charged Juvenile with violating 18 Pa.C.S.A. § 3126 (a)(7), indecent assault with person less than 13 years of age, 18 Pa.C.S.A. § 3126 (a) (8), indecent assault with person less than 16 years of age, and 18 Pa.C.S.A. § 3127, (a) indecent exposure at juvenile docket CP-06-JV-0000487-2014 for contact that occurred "on or about November 15, 2013, and several unknown dates." Juvenile also admitted to committing the act of possession of a weapon on school property, 18 Pa. C.S.A. § 912(b), on December 29, 2014, for an offense that had occurred on October 14, 2014, wherein he was in possession of a box cutter. This matter was docketed at CP-06-JV-352-2014. Filings pertaining to both matters were in some instances filed to both dockets, although only one adjudicatory hearing was held on February 17, 2015. At the conclusion of the hearing, the Juvenile Court found the Juvenile involved in the charge of indecent assault of person less than 13 years of age and dismissed the remaining two charges.

On May 26, 2015, a dispositional hearing was held for CP-06-JV-0000487-2014 and CP-06-JV-0000352-2014. The juvenile court adjudicated Juvenile delinquent and he was placed in a residential facility. The dispositional order was filed in both dockets.

On June 3, 2015, the Juvenile filed a Post-Dispositional Motion in both dockets, and following a hearing, the juvenile court denied the same. Appellant filed a timely notice of appeal in both dockets on July 31, 2015;

however, while a concise statement of errors complained of on appeal raising two issues was filed herein, counsel filed a statement of intent to file an **Anders/McClendon**[3] brief in lieu of statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(c)(4) in 1323 MDA 2015, claiming that after a review of the transcripts, she discerned no meritorious issues to pursue on appeal.

Appellate counsel filed her petition for leave to withdraw as counsel and **Anders** brief with this Court on January 20, 2016, seeking to withdraw from 1323 MDA 2015 on the basis of frivolity and an advocate's brief herein wherein the Juvenile challenges the juvenile court's denial of his pretrial discovery request for disclosure of information pertaining to the identity of the camp counselor to whom the victim had reported the incident and the weight of the evidence.

A review of the record reveals Juvenile is attempting both to raise meritorious issues in one appeal and to seek to withdraw as counsel on the basis of frivolity in another appeal to a single dispositional order entered on May 26, 2015, adjudicating Juvenile delinquent. As we stated in our Judgment Order quashing the appeal filed to 1323 MDA 2015, however, Juvenile cannot file two separate appeals to the same final order:

---

[3] **Anders v. California**, 386 U.S. 738 (1967), **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

> The law is clear that the Juvenile Act itself does not provide a right of appeal. Rather, a juvenile's right of appeal stems from our state constitution: Article V Section 9 of the Pennsylvania Constitution provides that "there shall be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court." The Juvenile Court is a court of record and pursuant to Pa.R.A.P. 341, appeal may be taken as of right from any final order of an administrative agency or lower ... court. The final Order of a Juvenile Court is the Dispositional Order as to the Delinquent Child, pursuant to 42 Pa.C.S. § 6352.

*In re M.D.*, 839 A.2d 1116, 1118 (Pa.Super. 2003) (citations omitted).

Although it is possible that counsel is of a mind that there are no meritorious issues to appeal, in light of the record, we cannot assume that to be so, nor can we address the two issues counsel sets forth in her advocate's brief in light of the confusion created by the above-mentioned circumstances. As such, we are compelled to remand this matter with instructions to counsel to file either a proper petition for leave to withdraw[4] along with an *Anders* brief or an advocate's brief within twenty (20) days of the date of this memorandum. A.G.C. and the Commonwealth shall have twenty (20) days from the date that counsel files her brief in order to file a responsive brief, if so necessary.

Case remanded with instructions. Jurisdiction retained.

---

[4] We caution counsel that should she seek to withdraw under *Anders/McClendon*, this court has found the requirement of the Juvenile Act that notice be given to a juvenile and his/her parents applicable to *Anders* cases involving juveniles. *Commonwealth v. Heron*, 674 A.2d 1138, 1140 (Pa.Super. 1996).