J-S53006-16

2016 PA Super 215

| IN THE INTEREST OF: R.A.F., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| APPEAL OF: R.A.F., A MINOR | No. 1755 MDA 2015 |

Appeal from the Adjudication of Delinquency August 12, 2015
In the Court of Common Pleas of Dauphin County
Juvenile Division at No(s): CP-22-JV-0000439-2015

BEFORE:  BOWES, SHOGAN AND FITZGERALD,* JJ.

OPINION BY BOWES, J.:                    **FILED SEPTEMBER 21, 2016**

R.A.F., a minor, appeals from the August 12, 2015 dispositional order adjudicating him delinquent for, *inter alia*, conduct constituting possession of a prohibited offensive weapon.  We affirm.

On May 20, 2015, Harrisburg Police Officer Michael Rudy and Probation Officer Sean Hamor of the Dauphin County Adult Probation Office, members of the Street Crimes Unit, were conducting nighttime surveillance in the area of 2100 North 4th Street in Harrisburg, Pennsylvania, due to reports of vandalism and individuals carrying firearms in the vicinity.  The officers were conducting surveillance at 2110 North 4th Street.  Their attention was drawn

* Former Justice specially assigned to the Superior Court.

to two individuals, later identified as Appellant and A.E.,[1] who were walking from the West side of 4th Street towards Atlas Alley. From fifty feet away, Probation Officer Hamor and Officer Rudy watched as Appellant and A.E. crossed the alley and entered the backyard of an abandoned property. The two juveniles rummaged through the tall grass for a brief moment until Appellant bent over and arose with a shotgun. Probation Officer Hamor, with the assistance of binoculars, saw Appellant load the shotgun with three shells before handing it to A.E. A.E. wrapped his hooded sweatshirt around the shotgun and started to walk. Then he handed the shotgun back to Appellant, who removed the sweatshirt and slipped the gun down his right pant leg. Appellant donned A.E.'s hooded sweatshirt to conceal the weapon. The two juveniles left the abandoned property, walked through the alley, and crossed a nearby church parking lot. Officer Rudy radioed for additional police, who apprehended A.E. and Appellant. A search of Appellant yielded the shotgun.

The Commonwealth sought to have Appellant adjudicated delinquent based on conduct constituting possession of drug paraphernalia, person in possession of a controlled substance, possession of a firearm by a minor, possession of a firearm with an altered serial number, and possession of a

---

[1] Appellant and A.E. are both minors and were adjudicated delinquent together.

prohibited offensive weapon pursuant to 18 Pa.C.S. § 908(c), specifically, a firearm specially adapted for purposes of concealment.[2]

At the adjudication, State Police Trooper Michael Fortley, a firearm and tool mark examiner, testified that both the stock of the shotgun and the barrel were visibly shortened. He added that the barrel of the shotgun was eighteen and nine-sixteenth inches long and the overall length of the shotgun was thirty-one and three-quarter inches. The stock end had either been shortened or removed. The expert testified that in his experience, there was no "common, lawful purpose to alter a firearm in that manner." N.T., 8/12/15, at 58. The Trooper test-fired the weapon and determined that it was fully functional. He also reported that someone had unsuccessfully attempted to obliterate the weapon's serial number.

On August 12, 2015, Appellant was adjudicated delinquent. Appellant filed a post-dispositional motion on August 21, 2015, averring that the adjudication based on possession of prohibited offensive weapon was against the weight of the evidence. That motion was denied on September 8, 2015. He timely filed the instant appeal, and the juvenile court issued a Pa.R.A.P. 1925(b) order instructing Appellant to file a concise statement of matters

---

[2] The Juvenile Petition also alleged the delinquent acts of possession of a firearm with the manufacturer's number altered and possession of a firearm not to be carried without a license, both of which were withdrawn. The act of possessing a firearm with an altered serial number was found not substantiated.

complained of on appeal.  Appellant timely complied with that directive, and now presents two issues for our review:

> 1. In prosecutions for possessing a sawed-off shotgun in violation of 18 Pa.C.S. § 908 (prohibited offensive weapons), should the elements of the offense be based on the specific reference to "sawed-off shotgun" in the statutory definition of "offensive weapon" – "sawed-off shotgun with a barrel length less than 18 inches" – rather than the general reference pertaining to a "firearm specially made or specially adapted for concealment or silent discharge?"
>
> 2. Even if an actor can be prosecuted for possessing a sawed-off shotgun under the general provision of the statutory definition of "offensive weapon" at 18 Pa.C.S. § 908, the evidence was insufficient to prove that juvenile consciously disregarded a substantial and unjustifiable risk that he was possessing a firearm made or adapted for concealment? [sic]

**See** Appellant's brief at 5 (underlining and unnecessary capitalization omitted).

Appellant frames his issues as challenges to the sufficiency of the evidence supporting his adjudication based on conduct constituting possession of a prohibited offensive weapon.  "The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt."  **Commonwealth v. Smith**, 956 A.2d 1029, 1035 (Pa.Super. 2008) (*en banc*).  We examine the entire record and consider all evidence actually received, giving the verdict winner the benefit of all reasonable inferences to be drawn from the evidence, and mindful that

the Commonwealth may sustain its burden with wholly circumstantial evidence. *Id*.

Appellant's first issue is predicated on the interpretation of the offensive weapon statute, 18 Pa.C.S. § 908. He contends that he could not be adjudicated delinquent under the general prohibition against possession of a firearm altered for concealment where there was a more specific provision in the statute governing sawed-off shotguns that did not subject him to criminal liability. This appears to be an issue of first impression. In support of his position, he cites the Statutory Construction Act, 1 Pa.C.S. § 1922(2), for the presumption that the legislature intended the entire statute to be effective, and § 1933 for the principle that where statutory provisions conflict, the specific controls the general. Since the issue presented implicates statutory interpretation, our scope of review is *de novo* and our standard of review is plenary. ***Commonwealth v. Chester***, 101 A.3d 56 (Pa. 2014); ***Kopko v. Miller***, 892 A.2d 766, 770 (Pa. 2006); ***In re N.W.***, 6 A.3d 1020, 1023 (Pa.Super. 2010).

The criminal statute at issue is 18 Pa.C.S. § 908, which states, "A person commits a misdemeanor of the first degree if, except as authorized by law, he makes repairs, sells, or otherwise deals in, uses, or possesses any offensive weapon." 18 Pa.C.S. § 908(a). An offensive weapon is defined as:

Any bomb, grenade, machine gun, sawed-off shotgun with a barrel less than 18 inches, firearm specially made or specially adapted for concealment or silent discharge, any blackjack, sandbag, metal knuckles, dagger, knife, razor or cutting instrument, the blade of which is exposed in an automatic way by switch, push-button, spring mechanism, or otherwise, any stun gun, stun baton, taser or other electronic or electric weapon or other implement for the infliction of serious bodily injury which serves no common lawful purpose.

18 Pa.C.S. § 908(c).  A firearm for purposes of this section is defined as "Any weapon which is designed to or may readily be converted to expel any projectile by the action of an explosive or the frame or receiver of any such weapon."[3]  *Id*.  Notably, the definition of a firearm does not exclude sawed-off shotguns.

When construing statutes, our goal is to ascertain and effectuate the intention of the legislature.  In performing that function, certain principles of statutory construction apply.  We presume "that the General Assembly intends the entire statute to be effective and certain," and thus construe a statute to give effect to all of its provisions.  1 Pa.C.S. § 1922(2).  Penal

_____

[3]  Title 18 Pa.C.S. § 6102 defines a firearm as any "pistol or revolver with a barrel length less than 15 inches, any shotgun with a barrel length less than 18 inches or any rifle with a barrel length less than 16 inches, or any pistol, revolver, rifle or shotgun with an overall length of less than 26 inches."  Under that definition, the shotgun herein would not have constituted a firearm.  The definition of a firearm for purposes of the offensive weapons statute, however, did not include barrel or overall lengths, and it encompassed the shotgun herein.  The legislature clearly intended to include a more expansive definition of a firearm for purposes of the offensive weapons statute.

provisions are to be strictly construed. 1 Pa.C.S. § 1928(b)(1). Furthermore, where general and specific statutory provision conflict, we attempt to construe the two provisions to give effect to both provisions. 1 Pa.C.S. § 1933. It is only when two provisions irreconcilably conflict that "the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail." *Id*. Even then, the specific-general rule has been abrogated in the context of criminal prosecutions by the enactment of 42 Pa.C.S. § 9303 in 2002. That provision states:

> Notwithstanding the provisions of 1 Pa.C.S. § 1933 (relating to particular controls general) or any other statute to the contrary, **where the same conduct of a defendant violates more than one criminal statute, the defendant may be prosecuted under all available statutory criminal provisions without regard to the generality or specificity of the statutes.**

42 Pa.C.S. § 9303 (emphasis added). Thus, § 9303 permits the Commonwealth to charge a defendant under multiple criminal provisions, some general and some specific, for the same conduct.

This Court relied upon § 9303 in *In re N.W.*, *supra*, in upholding the trial court's decision permitting the Commonwealth to charge a juvenile under two different subsections of the criminal mischief statute: 18 Pa.C.S. § 3304, sub-section (a)(4), related to graffiti, and the more general sub-section (a)(5), which required only the intentional damage of real or

personal property of another. The juvenile argued that § 1933's "particular controls general" rule of statutory construction operated to preclude the Commonwealth from adding a charge of criminal mischief under the catchall provision of subsection (a)(5), where sub-section (a)(4) spoke specifically to graffiti-based criminal mischief. This Court rejected that argument, holding that 42 Pa.C.S. § 9303 governed, and that the Commonwealth could prosecute conduct prohibited under more than one criminal provision "without regard to the generality or specificity of the statute." 42 Pa.C.S. § 9303.

In **Commonwealth v. Kriegler**, 127 A.3d 840 *(Pa.Super. 2015)*, this Court invoked § 9303 and **In re N.W**., **supra**, to uphold the conviction of defendant under 75 Pa.C.S. § 1543(b)(1) ((driving with a license that was suspended due to driving under the influence of alcohol or drugs). The defendant held an occupational limited license due to a DUI-related suspension that only permitted him to drive to and from work or school. He was pulled over by police and acknowledged that he was not on in transit to or from work. He was charged with the violation of 75 Pa.C.S. § 1543(b)(1). At a non-jury trial, he moved to dismiss the charge, contending that he could only be charged under 75 Pa.C.S § 1553(f)(3) (violating a condition of an occupational limited license by operating a vehicle other than to and from place of employment or school). The motion was denied and he was convicted. On appeal, he alleged that the court erred in convicting him of

the more general Vehicle Code violation of 75 Pa.C.S. § 1543 (punishable by a fine of $500 and imprisonment for not less than sixty days or more than ninety days), when he should have been convicted of the more specific crime of misuse of an occupational limited license under 75 Pa.C.S. § 1553 (which carries a $200 fine and loss of the OLL), citing the general-specific rule of 1 Pa.C.S. § 1933.

This Court concluded that the general–specific rule had been abrogated in this context by 42 Pa.C.S. § 9303, and that the defendant's reliance on this rule was misplaced. We held that he could have been prosecuted under both statutes as his conduct violated both. Moreover, we found no irreconcilable conflict in the two statutes that would implicate 1 Pa.C.S. § 1933. We reasoned that "[w] hen a driver with a DUI-suspension violates a condition or restriction of his OLL under § 1553(f)(3), he is, in effect, driving under DUI-suspension (since he is driving outside the permissible confines)." *Id*. at 844. Citing *In re N.W.*, *supra* at 1026 n.4, we upheld the conviction under the stiffer penalty provisions of § 1543, pertaining to driving under DUI-suspension, finding nothing to suggest "that persons who have a DUI-suspended license who have also been granted the privilege of an OLL should be treated more leniently than they otherwise would have, when found to have violated the conditions of their OLL." *Kriegler*, *supra* at 844.

With the foregoing legal principles in mind, we turn to Appellant's premise that "firearms specially made or adapted for concealment or silent discharge" is a general provision. Appellant contends that if that provision is construed to include sawed-off shotguns, it would encompass every sawed-off shotgun and render the specific sawed-off shotgun provision a nullity. Moreover, Appellant maintains that, by specifically defining only sawed-off shotguns with barrels less than eighteen inches in length as offensive weapons, the legislature intended to exclude sawed-off shotguns with longer barrels from the definition of offensive weapons entirely. Appellant's brief at 7. He contends that the two provisions conflict irreconcilably, and that the specific-general rule still has vitality, *inter alia*, "in interpreting definitions of statutory terms." Appellant's brief at 23.

The Commonwealth counters that the sawed-off shotgun provision and the firearm specially altered for purposes of concealment provision of the offensive weapons statute are both specific provisions, that they are consistent and complement each other, and that 42 Pa.C.S. § 9303 specifically authorizes prosecution of a defendant "under all available statutory criminal provisions without regard to the generality or specificity of the statutes."

Preliminarily, we reject Appellant's characterization of the instant prosecution as one for possession of "a sawed-off shotgun in violation of 18 Pa.C.S. § 908 (prohibited offensive weapons)." Appellant's brief at 5.

- 10 -

Appellant was charged with the delinquent act of possessing a firearm specially adapted for purposes of concealment in violation of § 908, and adjudicated delinquent based on that conduct. While the weapon happened to be a shotgun with a shortened barrel, it also was a firearm with the stock end altered to reduce its overall length. Appellant does not dispute that the shotgun as adapted met the definition of "a firearm specially made or specially adapted for purposes of concealment." 18 Pa.C.S. § 908. He simply contends that the Commonwealth could not charge and prosecute him under the adapted firearm provision where the specific sawed-off shotgun provision did not subject him to criminal liability. He argues that the general statute irreconcilably conflicts with the specific sawed-off shotgun provision and the latter should be construed as an exception to the general provision. For the reasons that follow, Appellant's argument fails.

We discern legislative intent first by examining the language of the statute itself.[4] ***Commonwealth v. Vega-Reyes***, 131 A.3d 61, 63

_____

[4] Prior to 1994, 18 Pa.C.S. § 908(c) defined all sawed-off shotguns as prohibited offensive weapons. As this Court explained in ***Commonwealth v. Stewart***, 495 A.2d 584, 594 (Pa.Super. 1985), when the barrel of a shotgun is sawed off, the shotgun has been reshaped and "specially adapted" or altered for criminal purposes, and is precisely the type of weapon prohibited by 18 Pa.C.S. § 908(c). At that same time, the statutory definition also included firearms specially adapted for concealment or silent operation.

In 1994, § 908(c) was amended to add the eighteen-inch maximum barrel length language. The legislative history surrounding the amendment

*(Footnote Continued Next Page)*

- 11 -

(Pa.Super. 2016) (*en banc*). Only where the statutory language is not explicit do we go beyond the face of the text to ascertain legislative intent beyond the face of the text. ***Id***.

Section 908(c) defines offensive weapons as implements "for the infliction of serious bodily injury which serve[] no common lawful purpose." 18 Pa.C.S. § 908(c). This Court held in ***Commonwealth v. Hitchon***, 549 A.2d 943, 946 (Pa.Super. 1988), "Section 908 was 'intended to establish a prohibition very nearly absolute aimed at the implements or weapons themselves, whether enumerated or falling within the general definition which are offensive by nature.'" The offensive weapon statute lists a number of offensive weapons. Certain items are offensive weapons *per se*: bombs, machine guns, daggers, stun guns, and metal knuckles. Others are defined as offensive weapons when they have certain characteristics, such as a sawed-off shotgun with a barrel less than eighteen inches, a firearm specially made or altered for purposes of concealment or silent discharge, and a knife, dagger or cutting instrument with a blade that is exposed by switch, push button, or some other automatic mechanism. The definition of an offensive weapon also contains a catchall provision that encompasses any

*(Footnote Continued)* ───────────

offers no insight into our lawmakers' rationale for imposing the barrel length limitation. One may surmise, however, that the legislature determined that there could be a common lawful purpose for sawing off a portion of a shotgun barrel, provided the barrel was not less than eighteen inches.

"other implement for the infliction of serious bodily injury which serves no common lawful purpose[,]" which makes it apparent that the enumerated items are not intended to be an exhaustive list. 18 Pa.C.S. § 908(c). The legislature clearly intended the statute to be expansive in its reach.

The specific-general rule comes into play when a general provision in a statute irreconcilably conflicts with a specific provision in that same or another statute. In that instance, we attempt to construe the two provisions so that effect can be given to both. It is only when the conflict cannot be reconciled that the specific provision is interpreted as an exception to the general provision, except when the general prevision was enacted later. 1 Pa.C.S. § 1933. Such is not the case on the facts herein.

We find that the two definitions are specific, that on the facts herein we can construe them to give effect to both, and further, there is no irreconcilable conflict that would implicate the specific-general rule. The provision defining a sawed-off shotgun with a barrel not exceeding eighteen inches as an offensive weapon was not applicable since the barrel measured eighteen and nine-sixteenth inches in length. However, the shotgun was a firearm altered in another manner. The stock end of the firearm was shortened, which reduced its overall length and width and made it easier to conceal. Nothing in the statute suggests that the legislature, by adding the maximum barrel requirement in the shotgun provision, intended to foreclose prosecution for possession of a sawed-off shotgun with a stock end

shortened to facilitate concealment. Appellant's argument ignores the fact that the shortening of the stock end of the shotgun herein constituted an alteration and modification to a firearm that, together with proof that its purpose was to facilitate concealment, could support the court's finding that it constituted an offensive weapon.

Furthermore, we agree with the Commonwealth that the two provisions are not irreconcilable and the specific-general rule is not implicated.[5] The weapon at issue was not a sawed-off shotgun with a barrel less than eighteen inches in length, an enumerated offensive weapon. It was, however, a firearm with a shortened stock end that the Commonwealth proved was adapted for purposes of concealment. The two provisions can therefore be reconciled.

Moreover, culpability under the adapted firearm definition required proof of an additional element that the sawed-off shotgun provision did not. The Commonwealth offered expert testimony that the shotgun was a functional firearm and that its stock end as well as its barrel were shortened. Testimony was introduced that Appellant loaded the firearm, initially wrapped it a sweatshirt, then hid it in his pant leg, and donned the sweatshirt. N.T., 8/12/15, at 52-53, 56. From this evidence, one could

_____

[5] Since we find the definitions do not irreconcilably conflict, we need not discuss at length Appellant's contention that the specific-general rule retains its viability in this context even after the enactment of 42 Pa.C.S. § 9303.

reasonably find that Appellant possessed a loaded and operational firearm that was specially adapted for purposes of concealment. We find no merit in Appellant's contention that he could not be adjudicated delinquent when he possessed a firearm that met the definition of an offensive weapon under the statute.

Appellant's second issue is a challenge to the sufficiency of the evidence of *mens rea* supporting his adjudication of delinquency.[6] Specifically, he contends that the Commonwealth failed to present evidence that he possessed an offensive weapon intentionally, knowingly, or with reckless disregard of a substantial and unjustifiable risk to others. Appellant's brief at 25. He maintains that "intentionally" or "knowingly" requires that the actor be conscious of the nature of his conduct while "recklessly" connotes a conscious disregard of a substantial risk. There was no proof, according to Appellant, that he and his friend intentionally or knowingly possessed the weapon before finding it in the tall grass, that they

---

[6] Appellant argued, and the Commonwealth did not dispute that, in the absence of an express culpability provision in the statute, 18 Pa.C.S. § 302, provides the requisite level of culpability for the offense herein:

> **(c) Culpability required unless otherwise provided**. When the culpability sufficient to establish a material element of an offense is not prescribed by law, such element is established if a person acts intentionally, knowingly, or recklessly with respect thereto.

18 Pa.C.S. § 302(c).

understood it was adapted for purposes of concealment, or that they would have continued to possess it had law enforcement not intervened. Appellant's brief at 30. Furthermore, he alleges that the evidence did not establish that he acted recklessly as he did not fire the weapon, point it at anyone, or brandish it in such a way as to create a substantial risk to others.

The Commonwealth counters that the eyewitness testimony of Officer Rudy and Probation Officer Hamor supplied sufficient proof that Appellant either intentionally or knowingly possessed a firearm specially adapted for purposes of concealment. The officers observed Appellant and his cohort looking through the tall grass, as if searching for an item. Appellant picked up the shotgun with the shortened stock and barrel and loaded it with 20-gauge birdshot that he already had in his possession. The Commonwealth cites the reasoning of the trial court: "The [juveniles] would have us imagine that it was just pure happenstance that one or two of them would have shells on their person to load a 20 gauge shotgun. That confluence of happenstance is beyond any reasonability." Commonwealth's brief at 13-14 (quoting Adjudicating Court Opinion, 3/31/16, at 5). Appellant then hid the weapon in his pant leg and put on a jacket to further conceal the firearm. N.T., 8/12/15, at 9-11.

We agree with the trial court that the Commonwealth adduced sufficient evidence to prove the requisite *mens rea*. One can reasonably infer from the testimony of the officers that Appellant and A.E. knew where

the sawed-off shotgun was hidden, and that they intentionally retrieved it, loaded it, and took possession of it. ***See Commonwealth v. Giordano***, 121 A.3d 998, 1006 (Pa.Super. 2015) (defendant's conviction of prohibited offensive weapon upheld where he knew he had a sword and that it was not permitted on school property). Their efforts to conceal the shotgun permit the reasonable inference that they were aware of its unlawful nature. Certainly, the act of loading the firearm refuted Appellant's claim, which the juvenile court was free to reject, that the two juveniles merely found the weapon and intended to turn it over to police. We therefore find sufficient evidence to sustain Appellant's adjudication of delinquency for conduct amounting to possession of a prohibited offensive weapon.

Dispositional order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/21/2016