J-S34020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| SHANEICE WHITE | |
| Appellant | No. 2868 EDA 2015 |

Appeal from the Judgment of Sentence Dated August 21, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001960-2015

BEFORE: BOWES, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY SOLANO, J.:　　　　　**FILED NOVEMBER 09, 2017**

Appellant Shaneice White appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following her bench trial convictions for possession of an instrument of crime, terroristic threats with intent to terrorize another, simple assault, recklessly endangering another person, and criminal mischief.[1]  We affirm.

The underlying facts were described by the trial court as follows:

> The incidents in this case took place on January 29, 2015.  On January 29, 2015, Philadelphia Police Department responded to a call regarding domestic violence.  Once police were on the scene they filled out a Domestic Violence Report for Kyle Johnson Jr. (hereinafter Complainant) against, Appellant[.]
>
> Every Thursday, Complainant picks up his daughter from school at 3:00 p.m. and she resides with him until Saturday at 7:00

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 907(a), 2706(a)(1), 2701(a), 2705, and 3304(a)(4).

p.m. On January 29, 2015, Complainant's daughter did not attend school and he [drove] over to Appellant's apartment to pick her up. [Sandra Price, Complainant's then-girlfriend, was also in the car. N.T. at 12.] When he arrived Complainant waited outside for ten (10) to fifteen (15) minutes and Appellant pulled up in a car. Appellant got out of the car and Complainant retrieved his daughter and asked Appellant for her clothes. Appellant went into her apartment and Complainant followed and waited in the hallway for the clothes. During this time arguing commenced between Appellant and Complainant. Appellant began threatening Complainant and proceeded to slam [the] apartment door in Complainant's face. Complainant went outside and waited for Appellant. Appellant then came outside [and] proceeded to give Complainant the clothes and Complainant then put his child in the car. Appellant then came outside and proceeded to argue with Complainant again. As Complainant is about to pull off Appellant threw an object at the Complainant's car. Complainant then asked, through an open window, "What did you do that for?" Appellant then while blocking the car began threatening Complainant with various threats including, "I'm going to get you beat up, you're gonna get pistol whipped, and I told you not bring that bitch around here anymore. I'll fuck her up if you bring her here."

Appellant walked around the corner and her sister made her way in front of Complainant's car. Appellant returned to the scene with her boyfriend and witness, Christopher[,] who seemed to be restraining her on the right hand side of Complainant's car. Appellant began throwing things at and into Complainant car, including a flip phone that hit Complainant's girlfriend. Complainant's girlfriend became upset and Appellant [was] telling Complainant's girlfriend to get out of the car and fight her. In the midst of the chaos Appellant's sister, who was standing in front of the car, came around to the passenger side and punched Complainant's girlfriend in the face. Appellant came back over to the driver side of the car, standing five (5) to ten (10) [feet away], and pulled a knife out. [N.T. at 20-21.] When Complainant saw the knife he got in his car and drove off. Appellant pursued on foot down her driveway after the vehicle and as Complainant was turning onto the street Appellant threw the knife and stabbed Complainant's tire. Complainant noticed the flat at Bridge and Penn Street, pulled over, and called the police to file a report.

Trial Ct. Op. 2-4 (citations to the record omitted).

A criminal information was filed against Appellant on February 27, 2015. Following the bench trial, Appellant was convicted of five out of the six charged offenses.[2] She was sentenced as follows:

> Appellant was sentenced and placed on reporting probation for a maximum of four (4) years for possession of an instrument of crime. Appellant was also sentenced to concurrent reporting probation for a maximum of four (4) years for terroristic threats with intention to terrorize another. Appellant's charges of simple assault, recklessly endangering another person, and criminal mischief were a determination of guilt without further penalty. Further, Appellant was to pay court costs, restitution of ninety-five (95) dollars, and if Appellant was compliant for the first two (2) years of reporting probation the remaining two (2) years would become non-reporting probation.

Trial Ct. Op. at 1-2.

Appellant appealed on September 17, 2015, and presents three issues for our review:

> A. Was the evidence presented insufficient as a matter of law to sustain a conviction for terroristic threats, 18 Pa.C.S. § 2706(a)(1), because the statements reflected transitory anger in the heat of an argument, not an intent to terrorize?
>
> B. Was the evidence insufficient to sustain a conviction for simple assault, 18 Pa.C.S. § 2701, because appellant never caused the complainant bodily injury, nor placed another in fear of such by physical menace where she never raised a knife towards the complainant?
>
> C. Was the evidence insufficient to sustain a conviction for criminal mischief under 18 Pa.C.S. § 3304(a)(4) because no evidence demonstrated that appellant used markers, spray paint, or a similar device to deface or damage public or private property?

_____

[2] Appellant was found not guilty of aggravated assault, 18 Pa.C.S. § 2702(a).

Appellant's Brief at 3 (suggested answers omitted).

> Our standard of review for a sufficiency of the evidence challenge is well established:
>
> > A claim challenging the sufficiency of the evidence presents a question of law. We must determine whether the evidence is sufficient to prove every element of the crime beyond a reasonable doubt. We must view evidence in the light most favorable to the Commonwealth as the verdict winner, and accept as true all evidence and all reasonable inferences therefrom upon which, if believed, the fact finder properly could have based its verdict.

**_Commonwealth v. McFadden_**, 156 A.3d 299, 303 (Pa. Super. 2017)

(citations omitted).

Terroristic threats with intent to terrorize another is defined in Section 2706(a)(1) of the Crimes Code: "A person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to commit any crime of violence with intent to terrorize another." 18 Pa.C.S. § 2706(a)(1). Simple assault is defined in Section 2701(a):

> Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:
>
> > (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;
> >
> > (2) negligently causes bodily injury to another with a deadly weapon;
> >
> > (3) attempts by physical menace to put another in fear of imminent serious bodily injury; or
> >
> > (4) conceals or attempts to conceal a hypodermic needle on his person and intentionally or knowingly penetrates a law enforcement officer or an officer or an employee of a correctional institution, county jail or prison, detention

> facility or mental hospital during the course of an arrest or any search of the person.

***Id.*** § 2701(a).

With respect to Appellant's challenges to the sufficiency of the evidence to support her convictions for terroristic threats with intent to terrorize another and for simple assault, we conclude after a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Robert P. Coleman, that Appellant's first and second issues merit no relief. The trial court's opinion comprehensively discusses and properly disposes of these questions. ***See*** Trial Ct. Op., filed September 6, 2016, at 4-6 (holding that: (a) the evidence was sufficient to prove terroristic threats beyond a reasonable doubt, because (1) Appellant communicated to Mr. Johnson and his girlfriend various threats that Appellant would commit crimes of violence with intent to terrorize Mr. Johnson and his girlfriend, and (2) being angry does not render a person incapable of forming the intent to terrorize (citing ***Commonwealth v. Walker***, 836 A.2d 999, 1001 (Pa. Super. 2003), ***appeal denied***, 853 A.2d 361 (Pa. 2004)); (b) the evidence was sufficient to prove simple assault beyond a reasonable doubt, because (1) Appellant pulled a knife on Mr. Johnson and, while in pursuit, threw the knife at Mr. Johnson, only to miss and to damage his car; and (2) the evidence was sufficient for the trial court reasonably to "infer that Appellant attempted to cause bodily injury to another by producing the knife and throwing it"). Accordingly, with respect

- 5 -

to Appellant's first and second issues on appeal, we affirm on the basis of the trial court's opinion.

Appellant also contends that the evidence was insufficient to find her guilty of criminal mischief. The relevant Crimes Code provision states:

A person is guilty of criminal mischief if he:

. . .

(4) intentionally defaces or otherwise damages tangible public property or tangible property of another with graffiti by use of any aerosol spray-paint can, broad-tipped indelible marker or similar marking device;

(5) intentionally damages real or personal property of another; . . . .

18 Pa.C.S. § 3304(a)(4)-(5).

Appellant notes that, among the six charges included on the criminal information filed against her on February 27, 2015, there was only one count of criminal mischief — specifically, a charge 18 Pa.C.S. § 3304(a)**(4)**; the criminal information stated that Appellant "[i]ntentionally defaced or otherwise damaged tangible public property or tangible property of another with graffiti, by use of an aerosol spray-paint can, broad-tipped indelible marker, or other similar marking device." The criminal complaint also charged criminal mischief under Section 3304(a)**(4)**, though it did not include specific text in connection with the charge. Appellant contends that the evidence was insufficient to prove criminal mischief under Section 3304(a)(4) "because this case did not involve graffiti." Appellant's Brief at 25. She concedes that her conduct would meet the elements of Section

- 6 -

3304(a)**(5)**, but adds: "the Commonwealth never charged that subsection, never amended the information, nor did the court even find [Appellant] guilty of Subsection (a)(5)." *Id.* at 25, 27.

In rejecting Appellant's argument, the trial court stated that Appellant "ignores the other five (5) subsections within § 3304(a)" and explained why there was sufficient evidence to convict Appellant under Subsection (a)(5). Trial Ct. Op. at 6-7. The court did not address the fact that Appellant was charged only under Subsection (a)(4).

The Commonwealth argues that "[t]he evidence was sufficient to prove criminal mischief" and that this Court should disregard "an apparent typographical error" in the charge. Commonwealth's Brief at 12. The Commonwealth points out that Appellant knew no graffiti was at issue and that her conduct was stabbing Johnson's tire with a knife. Additionally, the Commonwealth asserts that Appellant "may [be] convicted of a crime that was not actually charged when the uncharged offense is a lesser included offense of the charged crime." *Id.* at 14.

Appellant is correct that, according to the criminal information and the sentencing order, she was convicted of violating Section 3304(a)(4). Contrary to the trial court's suggestion, Trial Ct. Op. at 6-7, Appellant was not charged under Section 3304(a) generally or under any of Section 3304(a)'s other numbered paragraphs. In addition, we agree with Appellant that nothing in the record supports any finding that Appellant damaged or defaced tangible property with an aerosol spray-paint can, a marker, or any

similar marking device — requirements for a violation of Section 3304(a)(4). *See* Appellant's Brief at 25, 27; *see also* Trial Ct. Op. 2-4.

Since a conviction under Section 3304(a)(4) was not supported by the evidence, we turn to Commonwealth's argument that criminal mischief under Subsection (a)(5) is a lesser included offense of a violation under Subsection (a)(4). Appellant argues that Section 3304(a)(5) "is not a lesser included offense" of Section 3304(a)(4) because "it is possible to commit an offense under Subsection (a)(4) without violating (a)(5)." Appellant's Brief at 25-27. She explains:

> Subsection (a)(4) punishes two different acts, causing damage or defacing tangible property. § 3304(a)(4). "[D]amage" and "deface" must have different meanings. Damage refers to "loss or harm resulting from injury to person, property, or reputation". *See* Merriam-Webster's Collegiate Dictionary, 10th Ed. 2001 (damage). "Deface" is to "mar the external appearance of". Merriam-Webster's Collegiate Dictionary, 10th Ed. 2001 (deface). One can deface tangible property without damaging it. Drawing on a wall might deface it, but the wall itself is not damaged. Thus, it is possible to be convicted of (a)(4) and not violate (a)(5) because no damage actually occurs.

*Id.* Put another way, Appellant contends that a person can sometimes be convicted under Section 3304(a)(4) without being convicted of an offense that violates Section 3304(a)(5) if he or she "defaces" but does not "damage" property, even though a person can always be convicted of both if he or she "damages" property. *See id.*

The problem with Appellant's argument is that the evidence establishes that she damaged Johnson's property by sticking a knife in his tire. Therefore, even if it were true that her crime did not meet the

requirements for violating an alternate form of criminal mischief under Section 3304(a)(4) — defacing property — her conduct **did** constitute the other type of criminal mischief forbidden by that provision: damaging property.[3] Such damage is all that is required for a conviction under Section 3304(a)(5). Section 3304(a)(4) contains an additional requirement: that the damage to property be **from graffiti**, but that just makes Section 3304(a)(5) a lesser-included offense of that under Section 3304(a)(4).

Application of the Model Penal Code framework for determining what is a lesser-included offense, which was approved by the Supreme Court in **Commonwealth v. Sims**, 919 A.2d 931 (Pa. 2007), confirms this result. Under that framework, "[a] defendant may be convicted of an offense included in an offense charged in the indictment [or information] . . . when . . . it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." 919 A.2d at 940 (quoting Model Penal Code § 1.07(4)). As the Supreme Court explained:

> In this . . . scenario, the defendant is given notice of all the elements that the Commonwealth must prove to obtain his conviction. The Commonwealth can convict the defendant only of those offenses that contain all of the elements as the offenses with which the defendant was charged. The defendant does not need separate notice to defend against these lesser offenses because the defense that he prepares against the offenses

---

[3] In fact, defacing and damaging property are not entirely separate types of conduct. Section 3304(a)(4) uses the term "deface or **otherwise** damage," indicating that the statute treats "defacing" as a form of damaging property. That use of the word is consistent with normal legal usage. **See** Black's Law Dictionary (10th ed. 2014) (defining "deface" as "[t]o mar or injure," and stating that "injure" is a synonym for "damage").

> charged will necessarily attempt to refute the Commonwealth's evidence of the lesser offenses. Therefore, Section 1.07(4)(a) satisfies the due process concerns that the doctrine of lesser-included offenses, properly understood, must take into account.

*Id.* Here, Section 3304(a)(4) requires an additional fact: the damage to property must be from graffiti.[4] If an individual violates Section 3304(a)(4), he or she has also violated Section 3304(a)(5), since a person who had intentionally defaced or otherwise damaged property with graffiti pursuant to Section 3304(a)(4) has also intentionally damaged property pursuant to Section 3304(a)(5). Thus, Section 3304(a)(4) is a lesser-included offense of (a)(5) and Appellant was properly convicted of criminal mischief under that section.

Hence, we affirm the trial court, albeit on different grounds, ***B.L. v. T.B.***, 152 A.3d 1014, 1016 n.4 (Pa. Super. 2016) ("we may uphold a decision below if there is any proper basis for the result reached; thus, our affirmance may be based on different grounds from the trial court" (citation omitted)), because Section 3304(a)(5) is a lesser included offense of Section 3304(a)(4). ***See also In re N.W.***, 6 A.3d 1020, 1026 (Pa. Super. 2010) (holding that defendant's "conduct violated both sub-section (a)(4) related to graffiti and the more general sub-section (a)(5) (which requires only the

---

[4] Although Subsection (a)(4) refers to "tangible public property or tangible property of another" and (a)(5) requires "real or personal property of another," this difference in wording is immaterial, as this Court has held that "tangible property" includes both real and personal property. ***In re Rodriquez***, 537 A.2d 854 (Pa. Super. 1988).

intentional damage of real or personal property of another)").[5] Since "a defendant may be convicted of an offense that is a lesser-included offense of the crime actually charged," **Sims**, 919 A.2d at 938, then, in the current case, Appellant could have properly been convicted under (a)(5) when she was charged only under (a)(4). Appellant's potential sentence for criminal mischief would not change, because this sentence is dependent upon the cost of the damage, not the subsection charged. **See** 18 Pa.C.S. § 3304(b). Here, Appellant did not receive an additional sentence on the criminal mischief charge in any event.

Accordingly, for the reasons set forth above, we affirm the judgment of sentence. The parties are instructed to include the attached trial court decision in any filings referencing this Court's decision.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2017

---

[5] In **N.W.**, 6 A.3d at 1026, the defendant contended that the Commonwealth was obligated to charge him under the more specific offense of (a)(4), as his conduct involved graffiti, and not the more general offense of (a)(5). This Court rejected the defendant's argument because under Section 9303 of the Judicial Code, "a defendant may be prosecuted under all available statutory criminal provisions without regard to the generality or specificity of the statutes." 42 Pa.C.S. § 9303.

- 11 -

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PA**
**CRIMINAL DIVISION**

COMM OF PENNSYLVANIA        :        PHILA NO. CP-51-CR-0001960-2015

**FILED**

v.                                    AUG 0 2 2016                PA SUPER Ct. NO. 2868 EDA 2015

Criminal Appeals Unit
SHANEICE WHITE First Judicial District of PA

CP-51-CR-0001854-2012 Comm. v. Lark, Tyrik
Opinion

7480317221

**OPINION**

Coleman, R.                                                    DATE: *Aug. 2, 2016*

## I.  PROCEDURAL HISTORY

On August 21, 2015, Appellant waived her right to jury and proceeded to trial before this Court. During the waiver trial this Court found Defendant/Appellant, Shaneice White, guilty of possession of an instrument of crime, terroristic threats with intention to terrorize another, simple assault, recklessly endangering another person, and criminal mischief. At the trial waiver on August 21, 2015, Appellant was sentenced and placed on reporting probation for a maximum of four (4) years for possession of an instrument of crime. Appellant was also sentenced to concurrent reporting probation for a maximum of four (4) years for terroristic threats with intention to terrorize another. Appellant's charges of simple assault, recklessly endangering another person, and criminal mischief were a determination of guilt without further penalty. Further, Appellant was to pay court costs, restitution of ninety-five (95) dollars, and if Appellant was compliant for the first two (2) years of reporting probation the remaining two (2) years would become non-reporting probation. On September 17, 2015, Appellant filed a timely notice of appeal from her August 21, 2015 judgement of conviction and sentence. On November 30, 2015, this Court ordered Appellant to file a concise Statement of Errors Complained of on

1

Appeal pursuant to Pa. R. A.P. 1925(b) by December 29, 2015. On December 29, 2015, Appellant's Attorney filed a Statement of Errors Complained of on Appeal and a Request for Extension of Time to File a Supplemental Statement of Errors because Appellant's Attorney had not received the complete notes of testimony from Appellant's August 21, 2015 trial and sentencing. On June 22, 2016, Appellant's Attorney submitted a letter to this Court stating Appellant will not be filing a Supplemental Statement of Errors because the initial Statement of Errors filed December 29, 2015 adequately addressed the issues.

## II.  ISSUE PRESENTED BY DEFENDANT

In her Statement of Errors, filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), Shaneice White alleges *verbatim* the following on appeal:

1. Was not the evidence insufficient to prove terroristic threats beyond a reasonable doubt because appellant's statements were made in the heat of an argument, making them the result of transitory anger rather than intent to terrorize;

2. Was not the evidence insufficient to prove simple assault beyond a reasonable doubt because appellant never caused the complainant bodily injury and the evidence showed she never raised a knife to the complainant, but rather used it to damage his car;

3. Was not the evidence insufficient to prove criminal mischief under 18 Pa.C.S.A. § 3304(a)(4) because no evidence demonstrated that appellant damaged public property, nor was private property damaged by using markers, spray-paint, or other similar device;

4. Was not the verdict against the weight of the evidence?

Appellant's Concise Statement of Errors Complained of an Appeal (December 29, 2015).

## III.  FACTS

The incidents in this case took place on January 29, 2015. On January 29, 2015, Philadelphia Police Department responded to a call regarding domestic violence. Trial (Waiver)

2

Volume 1, page 11 (hereinafter "T.W."). Once police were on the scene they filled out a Domestic Violence Report for Kyle Johnson Jr. (hereinafter Complainant) against, Appellant, Shaneice White. *Id.*

Every Thursday, Complainant picks up his daughter from school at 3:00 p.m. and she resides with him until Saturday at 7:00 p.m. *Id.* On January 29, 2015, Complainant's daughter did not attend school and he went over to Appellant's apartment to pick her up. *Id.* at 12. When he arrived Complainant waited outside for ten (10) to fifteen (15) minutes and Appellant pulled up in a car. *Id.* at 13. Appellant got out of the car and Complainant retrieved his daughter and asked Appellant for her clothes. *Id.* Appellant went into her apartment and Complainant followed and waited in the hallway for the clothes. During this time arguing commenced between Appellant and Complainant. *Id.* Appellant began threatening Complainant and proceeded to slam apartment door in Complainant's face. *Id.* at 14. Complainant went outside and waited for Appellant. *Id.* Appellant then came outside proceeded to give Complainant the clothes and Complainant then put his child in the car. *Id.* Appellant then came outside and proceeded to argue with Complainant again. *Id.* As Complainant is about to pull off Appellant threw an object at the Complainant's car. *Id.* Complainant then asked, through an open window, "What did you do that for?" *Id.* at 15. Appellant then while blocking the car began threatening Complainant with various threats including, "I'm going to get you beat up, you're gonna get pistol whipped, and I told you not bring that bitch around here anymore. I'll fuck her up if you bring her here." *Id.* at 15-16.

Appellant walked around the corner and her sister made her way in front of Complainant's car. *Id.* at 16. Appellant returned to the scene with her boyfriend and witness, Christopher who seemed to be restraining her on the right hand side of Complainant's car. *Id.* at

3

18. Appellant began throwing things at and into Complainant car, including a flip phone that hit Complainant's girlfriend. *Id.* at 19. Complainant's girlfriend became upset and Appellant is telling Complainant's girlfriend to get out of the car and fight her. *Id.* In the midst of the chaos Appellant's sister, who was standing in front of the car, came around to the passenger side and punched Complainant's girlfriend in the face. *Id.* Appellant came back over to the driver side of the car, standing five (5) to ten (10), and pulled a knife out. *Id.* at 20. When Complainant saw the knife he got in his car and drove off. *Id.* at 21. Appellant pursued on foot down her driveway after the vehicle and as Complainant was turning onto the street Appellant threw the knife and stabbed Complainant's tire. *Id.* Complainant noticed the flat at Bridge and Penn Street, pulled over, and called the police to file a report. *Id.*

## IV. DISCUSSION

### A. The evidence was sufficient to prove terroristic threats beyond a reasonable doubt because Appellant's statements were made in the heat of an argument, and being angry does not render a person incapable of forming the intent to terrorize.

A person commits the crime of terroristic threats if the person communicates either directly or indirectly, a threat to (1) commit any crime of violence with intent to terrorize another, (2) cause evacuation of a building, place assembly or facility of public transportation; or, (3) otherwise cause serious public inconvenience, or cause terror or serious public inconvenience with reckless disregard of the risk of causing such terror or inconvenience. 18 Pa.C.S.A. § 2706.

In *Sinnott*, the defendant asserted that his conduct consisted merely of "spur-of-the-moment threats" and the court cannot convict him on those threats alone. *Commonwealth v. Sinnott*, 976 A.2d 1184, 1189 (Pa. Super. Ct. 2009). The argument was not convincing to the courts because although the courts recognize section 2706 was not designed to penalize "spur-of-

4

the-moments-threats" that arise out of anger, nevertheless being angry does not render a person incapable of forming the intent to terrorize. *Commonwealth v. Walker*, 836 A.2d 999, 1001 (Pa. Super. Ct. 2003).

Appellant argues that her statements are transitory anger rather than intent to terrorize because the statements were made in the heat of a continued argument. The altercation began when Complainant arrived at Appellant's home to pick up his daughter. The argument escalated after Appellant gave Complainant their daughter's clothing. Appellant began threatening Complainant and his girlfriend. Appellant said things such as, "I'm going to get you beat up, you're gonna get pistol whipped, and I told you not bring that bitch around here anymore. I'll fuck her up if you bring her here." The threats issued by Appellant were all crimes of violence and based off precedent from *Sinnott*, although Appellant was angry this Court found she was still able to form the requisite intent to terrorize.

The evidence was sufficient for this Court to find Appellant guilty of terroristic threats because Appellant communicated to Complainant and his girlfriend various threats in which Appellant would commit crimes of violence with intent to terrorize Complainant and his girlfriend.

**B. The evidence was sufficient to prove simple assault beyond a reasonable doubt because Appellant pulled a knife on Complainant and while in pursuit threw the knife at Complainant only to miss and damage his car.**

In the absence of actual injury a person commits the crime of simple assault if the person (1) attempts to cause or intentionally, knowingly, or recklessly causes bodily injury to another, (2) negligently causes bodily injury to another with a deadly weapon, (3) attempts by physical menace to put another in fear of imminent serious bodily injury, or (4) conceals or attempts to conceal a hypodermic needle on his person and intentionally or knowingly penetrates a law enforcement officer or an employee of a correctional institution, county jail or prison, detention

5

facility, or mental hospital during the course of an arrest or any search of the person. 18 Pa.C.S.A. § 2701. In *Savage*, the Court found that the act of pointing a gun at another person can constitute simple assault as an attempt by physical menace to put another in fear of imminent serious bodily injury. *Commonwealth v. Savage*, 418 A.2d 629, 632 (Pa Super. Ct. 1980).

In this case, Appellant left the scene of the dispute momentarily. Upon Appellants return she appeared hyper and "amped up." Appellant in an angry rage pulled a knife out. Complainant saw the knife and immediately got in his car and drove off. Appellant pursued the car and threw the knife and puncturing the car tire. Similar to *Savage*, this Court found that the act of producing the knife and walking toward someone can constitute simple assault. Here evidence was sufficient for this Court to reasonably infer that Appellant attempted to cause bodily injury to another by producing the knife and then throwing it. Further, Appellant by dawning the knife put Complainant and girlfriend in fear of imminent serious bodily injury.

### C. The evidence was sufficient to prove criminal mischief under 18 Pa.C.S.A. § 3304(a) because there is evidence that Appellant damaged private property by throwing an unidentified object that dented the car roof and a knife that punctured Complainant's car tire.

A person commits the crime of criminal mischief if the person (1) damages tangible property of another intentionally, recklessly, or by negligence in the employment of fire, explosives, or other dangerous means listed in section 3304(a) of this title, (2) intentionally or recklessly tampers with tangible property of another so as to endanger person or property, (3) intentionally or recklessly causes another to suffer pecuniary loss by deception or threat, (4) intentionally defaces or otherwise damages tangible public property or private property of another with graffiti by use of any aerosol spray-paint can, broad-tipped indelible marker or similar marking device, (5) intentionally damages real or personal property of another, or (6)

6

intentionally defaces personal, private or public property by discharging a paintball gun or paintball marker at that property. 18 Pa.C.S.A. § 3304.

Appellant argues that under § 3304(a)(4) there is insufficient evidence to prove criminal mischief because no spray paint cans, markers, and similar items were used. However, Appellant ignores the other five (5) subsections within § 3304(a). Specifically, § 3304(a)(5) which states a person can be found guilty of criminal mischief if they intentionally damage real or personal property of another. Appellant pulled a knife on the Complainant and his girlfriend without provocation. In an altercation such as the one that occurred between Appellant and Complainant, one does not pull a knife without the intent to cause damage to either a person or property. Further, Appellant multiple times damaged or attempted to damage Complainant's property. The initial damage was when the Appellant threw an unidentified item at Complainant's car. Again after Appellant came back with her boyfriend she threw multiple objects at the car and a flip phone entered the car through an open window hitting Complainant's girlfriend in the head. Perhaps the most significant instance of property damage was the last occurrence. Appellant pulled a knife out in the middle of the altercation about five (5) to ten (10) feet away from Complainant. Complainant saw the knife and immediately got in his car and drove off. Appellant pursued the car and threw the knife and punctured the car tire.

The evidence was sufficient for this Court to find Appellant guilty of criminal mischief because Appellant intentionally damaged real or personal property of another by throwing a knife in Complainant's direction after chasing his car down and ended up slashing Complainant's tire.

### D. The verdict was not against the weight of the evidence.

It is well settled that the fact-finder is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence

7

claim is only warranted where the fact-finder's verdict is so contrary to the evidence that it shocks one's sense of justice. *Commonwealth v. Karns,* 50 A.3d 158, 165 (Pa. Super. Ct. 2012). In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion. *Id.*

This Court, in light of all evidence presented, determined that the Commonwealth has met its burden regarding the evidence presented to the Court to find Appellant guilty of possession of an instrument of crime, terroristic threats, simple assault, recklessly endangering another person, and criminal mischief.

## V. CONCLUSION

For the above stated reasons, the judgement of this Court should be upheld and Appellant's claims should be denied.

Coleman, J.